Argued and submitted November 29, 1982, affirmed March 2, 1983

In the Matter of the Compensation of
the Beneficiaries of John P. Ginter,
Deceased, Claimant.

GINTER,
*Petitioner,*

*v.*

WOODBURN UNITED METHODIST CHURCH et al,
*Respondents.*

(81-05811; CA A24675)

659 P2d 434

Richard A. Weill, Canby, argued the cause for petitioner. With him on the brief were R. Roger Reif, and Reif, Reif & Clancy, Canby.

Deborah S. MacMillan, Portland, argued the cause for respondents. With her on the brief were Frank A. Moscato, and Moscato & Meyers, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals[1] an order of the Workers' Compensation Board that reversed a referee's order finding that her husband's May, 1979, myocardial infarction was compensable but that his November, 1979, death was not.[2] She also contends that the carrier's denials were unreasonable and that penalties and attorney fees should have been awarded. The issues are (1) whether claimant sustained her burden of proof on the issue of the compensability of her husband's infarction and (2) whether the carrier unreasonably failed to pay or unreasonably delayed payment of

---

[1] Claimant, as decedent's widow, is entitled to the same award decedent would have received had he survived. ORS 656.218 provides:

"(1) In case of the death of a worker entitled to compensation, whether eligibility therefor or the amount thereof have been determined, payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"(2) If the worker's death occurs prior to a determination having been made under ORS 656.268, the insurer or the self-insured employer shall so notify the director and request the claim be examined and compensation for permanent partial disability, if any, be determined.

"(3) If the worker has filed a request for a hearing pursuant to ORS 656.283 and death occurs prior to the final disposition of the request, the persons described in subsection (5) of this section shall be entitled to pursue the matter to final determination of all issues presented by the request for hearing.

"(4) If the worker dies before filing a request for hearing, the persons described in subsection (5) of this section shall be entitled to file a request for hearing and to pursue the matter to final determination as to all issues presented by the request for hearing.

"(5) The payments provided in subsections (1), (2), (3) and (4) of this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. In the absence of persons so entitled, a burial allowance may be paid not to exceed the lesser of either the unpaid award or the amount payable by ORS 656.204.

"(6) This section does not entitle any person to double payments on account of the death of a worker and a continuation of payments for permanent partial disability, or to a greater sum in the aggregate than if the injury had been fatal."

[2] The Board found that decedent's May, 1979, infarct was a material contributing cause of his death and that if the underlying infarct claim is compensable, then the death benefits claim is compensable also. The Board affirmed the denial of death benefits "solely on the ground that the myocardial infarction claim is not compensable." Although the insurer has not cross-appealed, it does not accept the Board's *dictum* that the death benefits claim would be compensable if the heart attack claim is compensable. Because we affirm, we need not address that issue.

compensation from December, 1979, until April, 1980. On *de novo* review, we affirm.

In May, 1979, claimant's husband, a 66-year-old minister, suffered a myocardial infarct while performing a wedding. His claim was initially accepted as compensable. In November, 1979, while on vacation, he suffered severe abdominal pain. He was hospitalized and found to be suffering from an enlarged abdominal aortic aneurysm. His doctor believed that surgery was necessary despite his May infarct. Following surgery he was placed in intensive care. He died shortly thereafter. On December 26, 1979, the insurer denied responsibility for the death claim. On April, 9, 1980, it denied the infarct claim that it earlier had accepted.

The referee found "absolutely no medical evidence that [decedent's] work was in any way related to his aneurysm." He concluded, however, that decedent's infarct was compensably related to job stress and remanded the claim to the insurer for determination of the extent of permanent disability resulting from the infarct.

Both insurer and claimant appealed. The Board found that decedent's infarct was a material contributing cause of his death and that the compensability of both claims rested on the cause of the infarct. The Board concluded that the expert evidence preponderated against a finding of medical causation. The Board did not reach the issue of penalties and attorney fees. Claimant appeals, contending that the medical evidence shows that the stress under which decedent worked was a material contributing factor in his myocardial infarct.

Decedent had had a prior heart attack in 1964. His recovery was apparently satisfactory, although he was being treated for hypertension at the time of his 1979 infarct. He was under considerable stress at the time. He was soon to retire and was displeased over the selection of his successor. He was working hard to get several things done before his retirement. He was attempting to solve problems with the church budget. He was described by acquaintances as an aggressive, nervous, ambitious and anxious person, a perfectionist in his demands on himself. During the week before the infarct, he had experienced acute substernal chest pain

and went to the hospital after the pain grew extreme. The diagnosis was preexisting coronary artery disease with an acute inferior myocardial infarct.

■ We conclude that decedent was exposed to sufficient stress in his work to establish legal causation. *Coday v. Willamette Tug & Barge,* 250 Or 39, 48, 440 P2d 224 (1968); *Thurston v. Mitchell Bros., Contractors,* 58 Or App 568, 575, 649 P2d 605 (1982). However, claimant has not established medical causation. All four cardiologists who gave opinions on medical causation were familiar with decedent's work stress. Drs. Bruton, Rogers and Sutherland concluded that that stress did not contribute to his infarct. Dr. Kloster acknowledged that stress was a possible factor aggravating decedent's preexisting coronary artery disease and contributing to his infarct, but he was uncertain to what extent it was a causal factor when compared to other risk factors found in decedent's history. Dr. Kloster's inconclusive statement that a *possible* relationship existed is insufficient to persuade us that decedent's work stress was a material contributing factor in producing the heart attack. *See Miller v. SAIF,* 60 Or App 557, 625, 654 P2d 1139 (1982); *Lenox v. SAIF,* 54 Or App 551, 554, 635 P2d 406 (1981). We conclude that claimant has failed to sustain her burden to prove medical causation.

Claimant also contends that the insurer's denials were unreasonable and that penalties should be assessed. The first denial, dated December 26, 1979, was a partial denial addressing the compensability of decedent's death. The second denial, dated April, 9, 1980, addressed the compensability of decedent's infarct. Claimant contends that the insurer changed its position on the infarct claim in an attempt to avoid liability on the death claim.

■ ■ At the time of the denials, the insurer had received Dr. Bruton's December 18, 1979, opinion that raised doubts as to the compensability of both claims. An insurer is not estopped to deny liability after paying compensation if its denial is based on a defense other than lack of notice. *Frasure v. Agripac,* 290 Or 99, 619 P2d 274 (1980); *Saxton v. Lamb-Weston,* 49 Or App 887, 621 P2d 619 (1980), *rev den* 290 Or 727 (1981). In light of the medical evidence available to the insurer at the time of the denials, we cannot say

that its actions were unreasonable. Therefore, penalties are not indicated. *Mayes v. Boise Cascade Corp.,* 46 Or App 333, 611 P2d 681, *rev den* 289 Or 373 (1980); *Norgard v. Rawlinsons,* 30 Or App 999, 569 P2d 49 (1977).

Affirmed.