Argued and submitted November 29, 1982, affirmed in part, reversed in part, remanded with instructions March 23, 1983

In the Matter of the Compensation
of Barbara Beattie, Claimant.

MT. MAZAMA PLYWOOD COMPANY,
*Petitioner - Cross-Respondent,*

*v.*

BEATTIE,
*Respondent - Cross-Petitioner,*
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Cross-Respondent.*

(80-05477; CA A24563)

661 P2d 109

Jeffery D. Herman, Springfield, argued the cause for petitioner - cross-respondent. With him on the brief was Wiswall, Svoboda, Thorp & Dennett, P.C., Springfield.

Martin J. McKeown, Eugene, argued the cause and filed the brief for respondent - cross-petitioner.

Donna Parton, Associate Counsel, SAIF Corporation, Eugene, argued the cause for cross-respondent. On the brief was Darrell E. Bewley, Appellate Counsel, SAIF Corporation, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

■ Employer appeals from an order of the Workers' Compensation Board affirming a referee's finding that claimant's back and psychiatric condition are compensable. Claimant cross-appeals, contending that the Board erred in reversing the referee's award of penalties and in failing to award attorney fees for her successful defense of an employer-initiated appeal before the Board.

After hurting her back pulling veneer at work, claimant was diagnosed as having lumbosacral strain and fibrositis. She later developed functional overlay and depression that she contends are directly related to her physical difficulties and to harassment by her employer when she attempted to return to work. Employer accepted responsibility for the strain but denied responsibility for the fibrositis and psychiatric condition.

The compensability issue presents only questions of fact. On *de novo* review, we agree with the Board that the medical evidence preponderates in favor of a finding of compensability for claimant's fibrositis and psychiatric condition. No useful purpose will be served by a lengthy recitation of the medical evidence. *See Bowman v. Oregon Transfer Company,* 33 Or App 241, 576 P2d 27 (1978).

■ Claimant asserts that penalties are justified because of the insurer's (1) failure to reopen the claim and pay time loss benefits; (2) delay in denying the fibrositis and psychiatric condition; and (3) closure of the claim. The actions by the insurer were erroneous; however, that fact alone is not sufficient to mandate penalties. ORS 656.262(9) provides for penalties only in the event of unreasonable delay or refusal to pay compensation or unreasonable delay in acceptance or denial of a claim. We agree with the Board that under the circumstances SAIF's disposition of the claim was not unreasonable.

■ At the time it decided to close the claim, SAIF had medical evidence that claimant's condition was stationary and that closure was appropriate. Claimant relies on Dr. Holland's report as evidence of her need for further psychiatric treatment. However, his report indicated that the

necessity for treatment was predominantly caused by non-work-related stresses. Claimant would not be entitled to compensation for her psychiatric condition based solely on that report. *SAIF v. Gygi,* 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982). Although Dr. Holland later modified his opinion, SAIF's decision must be judged in the light of evidence available to it at the time it acted.

■ We do not find either that SAIF's denial of claimant's fibrositis and psychiatric condition was so unreasonably delayed as to justify a penalty. Although Dr. Benge diagnosed fibrositis a year earlier, his opinion on a causal relationship to claimant's work injury was vague, and, at the time, claimant was being treated for her compensable strain and was receiving time loss benefits. Dr. Benge indicated that he felt she was stable enough to work during the summer of 1980. His opinion that her physical condition had deteriorated first surfaced in October, 1980. SAIF denied the fibrositis claim on October 16, 1980. Dr. Rogers' report, received by SAIF on November 20, 1980, indicated a need for psychiatric treatment, although it did not show time loss. Before accepting Dr. Rogers' request for authorization, SAIF asked Dr. Holland for a second opinion. SAIF promptly denied the psychiatric claim on receipt of his December 18, 1980, opinion.

■ Both denials constituted a revocation of acceptances made months earlier which an insurer may do under certain circumstances. *Frasure v. Agripac,* 290 Or 99, 619 P2d 274 (1980); *Bauman v. SAIF,* 62 Or App 323, 661 P2d 105 (1983); *Ginter v. Woodburn United Methodist Church,* 62 Or App 118, 659 P2d 434 (1983); *Saxton v. Lamb-Weston,* 49 Or App 887, 621 P2d 619 (1980), *rev den* 290 Or 727 (1981). Claimant's claims, involving conflicting medical opinions on her lumbosacral strain and fibrositis and the cause of her psychiatric condition, presented complicated issues. We agree with the Board that SAIF's actions were not so unreasonable as to warrant the imposition of a penalty.

■ SAIF had information that claimant's back was stable during the summer of 1980. It denied her fibrositis condition in October, 1980, and believed, on the basis of Dr. Holland's report, that her psychiatric condition was caused

by nonwork-related sources. SAIF's refusal to reopen the claim in December, 1980, for what it believed to be noncompensable back and psychiatric treatment, was not unreasonable.

■    On the cross-petition, SAIF concedes that claimant should have been awarded attorney fees for successfully defending the referee's award of compensation at the Board level, even though she lost on the issue of penalties. *See Bahler v. Mail-Well Envelope Co.,* 60 Or App 90, 652 P2d 875 (1982); *Mobley v. SAIF,* 58 Or App 394, 648 P2d 1357 (1982). We therefore reverse and remand to the Board for determination of reasonable attorney fees.

Affirmed in part; reversed in part; remanded for determination of attorney fees not inconsistent with this decision.