Argued November 2, reversed and remanded November 25, 1970, petition for rehearing denied January 19, 1971

## PETERSON, *Respondent, v.* STATE COMPENSATION DEPARTMENT, *Appellant.*

477 P2d 216

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General.

*Robert E. Jones,* North Bend, argued the cause and filed a brief for respondent.

McALLISTER, J.

This appeal turns on the construction of ORS 656.386,[1] providing for the allowance of attorney's fees when a claimant prevails on appeal from the rejection of his claim for compensation. The claimant contends that he was entitled to an attorney's fee when the Workmen's Compensation Board remanded his case to a hearing officer for a hearing to determine whether he was entitled to compensation. The defendant State Compensation Department contends that a claimant is not entitled to an attorney's fee until he finally establishes his right to compensation.

There is no dispute about the facts. Plaintiff claimed that he sprained his lower back on December 24, 1966, while helping to lift a stereo into a delivery truck. He did not report the alleged injury to the State Compensation Department until August 9, 1968. On August 27, 1968, the Department denied the claim because it was not filed within one year after the alleged injury.

---

[1] ORS 656.386:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the hearing officer or in a review by the board itself, then the hearing officer or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the hearing officer or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer.

"(2) In all other cases attorneys' fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382."

Plaintiff timely filed a request for a hearing which was summarily denied by a hearing officer. The plaintiff then timely filed a request for a review of the hearing officer's order by the Workmen's Compensation Board. On his appeal to the Board plaintiff was represented by counsel.

The Board on January 29, 1969, decided that it could not say whether plaintiff's claim was "barred by statutory time limitations" until certain questions of fact were resolved and remanded the matter to a hearing officer for resolution of those factual questions.

Plaintiff's attorney then requested the board to allow him an attorney's fee for his services in representing plaintiff in his appeal to the Board from the order of the hearing officer. The Board denied the request and the attorney then requested the circuit court to determine in a summary manner the dispute with regard to the attorney's fee.[2] The circuit court on March 13, 1969, ordered that plaintiff's attorney was entitled to a fee of $250 for his services in representing plaintiff before the Board and ordered that the fee be paid by the State Compensation Department.

The defendant appealed from that order and the Court of Appeals affirmed. We granted a petition for review and, for the reasons hereinafter stated, reverse.

Since this case turns on the construction of ORS 656.386, we think the legislative history of that statute is important. From the enactment of the Workmen's Compensation Law in 1913 until 1951 an injured

---

[2] The authority of the circuit court under ORS 656.388 to decide the right to an attorney's fee at the administrative level instead of the amount of the fee is challenged by the defendant, but we find it unnecessary to decide that question in this case.

workman who retained an attorney to aid him in establishing his right to compensation had to pay his attorney out of his compensation award.[9] An act passed in 1951[4] provided for the allowance of a reasonable attorney fee to be paid from the Industrial Accident Fund as an administrative expense to an injured workman who prevailed in an appeal to the circuit court from an order of the State Industrial Accident Commission rejecting his claim. The act provided for the payment of an attorney fee only in appeals from "rejected claims" and expressly provided that "[i]n all other cases attorney fees shall continue to be paid from the claimant's award of compensation."

The 1951 act was amended by Oregon Laws 1957, ch 558, § 1, which added the second sentence of ORS 656.386 (1) and is the part of that section which requires construction in this case. We quote the pertinent portions of the 1957 act as follows:

"656.588 [now 656.386]. (1) In all cases involving accidental injuries occurring on or after July 1, 1957, where a claimant prevails in an appeal to the circuit court from a commission order rejecting his original claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails in his appeal before the commission itself, then the commission shall allow a reasonable attorney's fee; * * *. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense.

---

[9] The first provision for the allowance of attorneys' fees in addition to the compensation was enacted by Oregon Laws 1945, ch 303, and applied only in case of an appeal by the commission to the Supreme Court from an adverse decision of the circuit court when the circuit court judgment was affirmed. The foregoing enactment is now codified in ORS 656.301.

[4] Oregon Laws 1951, ch 330, § 2.

"(2) In all other cases attorneys' fees shall continue to be paid from the claimant's award of compensation."

It will be noted that the 1957 act for the first time made provision for the allowance of an attorney fee at the administrative level—in those "rejected cases" in which the claimant prevailed on his appeal before the commission itself.[9]

ORS 656.386 was next amended in the major overhaul of the Workmen's Compensation Act in 1965 which eliminated the State Industrial Accident Commission and created the Workmen's Compensation Board. The 1965 revision further provided for a hearing on any question concerning a claim for compensation by (1) a hearing officer, ORS 656.283, and (2) a review of the hearing officer's order by the Workmen's Compensation Board itself. ORS 656.295.

The 1965 changes in ORS 656.386 were contained in § 42a of chapter 285, Oregon Laws 1965. The amendments to this section in the original bill were minor:

"In all cases involving accidental injuries [occurring on or after July 1, 1957,] where a claimant prevails in an appeal to the circuit court from a [commission] *board* order [rejecting his original] *denying his* claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails in [his appeal before the commission] *a review by the board itself*, then the [commission] *board* shall allow a reasonable attorney's fee; * * *." House Bill 1001, § 42a.

---

[9] Prior to 1965 the appeal to the commission itself was by an application for rehearing from the commission order rejecting the claim. ORS 656.284 as amended by Oregon Laws 1955, ch 718, § 2.

The word "finally" in connection with the administrative review does not appear in this version. During committee consideration of the bill it was pointed out that the bill did not provide for an attorney's fee in rejected cases in which the claimant prevailed at the hearing officer level. When the bill was reported to the House the suggested amendment had been made and in the process the word "finally" was added. Section 42a as enacted and codified, in ORS 656.386, is quoted in part below with the amendments to the original bill italicized:

"* * * In such rejected cases where the claimant prevails *finally* in *a hearing before the hearing officer or in* a review by the board itself, then the *hearing officer or* board shall allow a reasonable attorney's fee; * * *." Engrossed House Bill 1001.

The dispute in this case really turns on the legislative intention in inserting the word "finally." Does it mean that a claimant whose claim has been rejected must finally establish his right to compensation or, as in this case, merely obtain a favorable order which is final in the procedural sense, but does not establish the right to compensation?

We think the legislature in 1951 clearly intended that only those workmen who, after their claims had been rejected, established their right to compensation were entitled to attorney fees paid as an administrative expense. In order to qualify a workman had to prevail over a commission order rejecting his claim.

We think the legislative intent, as expressed in the 1951 act, has remained constant, both in 1957, when the right to attorney's fees in rejected claims was extended to the administrative level, and in 1965 when the right was extended to the hearing officer level. We

think the use of the word "finally" in 1965 was a re-affirmation of that intent rather than a departure from it. In other words, the right to an attorney's fee has been and is·dependent on establishing the right to compensation after an original rejection of the claim.

If the plaintiff finally establishes his right to compensation in the case at bar his attorney will be entitled to a fee for all services rendered in establishing that right, including the services rendered before the board in obtaining a hearing.

The Court of Appeals relied on our decision in *Printz v. State Compensation Department,* 253 Or 148, 453 P2d 655 (1969), but we think that reliance was unwarranted. The allowance to the claimant in *Printz* of an attorney's fee was not assigned as error in this court, was not argued in the briefs, and was not discussed in our opinion. We merely affirmed, without comment, the allowance of an attorney's fee by the circuit court as an incident of its judgment. *Printz* did not establish any precedent for the allowance of attorneys' fees and is expressly overruled.

The judgment of the circuit court allowing a fee to plaintiff's attorney is reversed.