Argued and submitted June 10, affirmed in part;
reversed in part and remanded August 4, 1982

In the Matter of the Compensation of
David Mobley, Claimant.

MOBLEY,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 80-08362, CA A23544)

648 P2d 1357

Alan M. Scott, Portland, argued the cause for petitioner. With him on the brief were Catherine Riffe, and Galton, Popick & Scott, Portland.

Darrell E. Bewley, Appellate Counsel, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals from that portion of the Workers' Compensation Board's order reducing his counsel's attorney fees from $1,100 to $600. Claimant also appeals from the Board's failure to grant his counsel attorney fees for prevailing on an insurer-initiated appeal.

Claimant filed a claim for a groin injury, which SAIF denied. Claimant requested a hearing, which resulted in the referee's ordering SAIF to accept the claim. The referee also ordered SAIF to pay claimant's counsel $1,100 as a reasonable attorney fee. SAIF requested Board review on the issues of compensability and the award of attorney fees. The Board affirmed the referee's order that the claim be accepted by SAIF, but modified the order by reducing the attorney fee to $600.

■ In reducing the fee award, the Board noted that the transcript of 21 pages suggested a low level of effort was expended. It also noted that the results obtained at the hearing were limited to payment for minimal medical services with no temporary total or permanent disability order.

In *Bentley v. SAIF,* 38 Or App 473, 481, 590 P2d 746 (1979), concerning the amount of attorney fees, we stated:

> " * * * We give deference to the administrative agency's expertise in terms of its awareness by experience of the normal amount of work necessary to represent a claimant. We will alter the award only in case of a manifest abuse of discretion."

We do not find that the Board's reduction constituted a "manifest abuse of discretion." Therefore, we affirm that portion of the order.

■ Claimant also contends the Board was required to award his counsel an attorney fee for prevailing on the issue of compensability before the Board on the SAIF-initiated appeal. ORS 656.382(2) provides:

> "If a request for hearing, request for review or court appeal is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced,

the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

SAIF argues that the above provision does not apply because claimant prevailed on only one of two issues before the Board. The statute requires the insurer to pay a reasonable attorney's fee if the Board finds that the compensation awarded should not be disallowed or reduced. The Board made such a finding in this case. The reduction in the fee ordered by the Board had no effect on the entitlement to an award of attorney fees under ORS 656.382(2).

It is clear from our review of the record that claimant's attorney expended time in the Board review. *Cf. Bentley v. SAIF, supra*, 38 Or App at 482 (where no services were performed by claimant's counsel, it was an abuse of discretion to award attorney fees). Therefore, claimant's counsel was entitled to a reasonable attorney fee.

Affirmed in part; reversed in part and remanded to the Board for award of an attorney fee.