Argued and submitted April 21, reversed and remanded October 27, 1982

In the Matter of the Compensation of
Zelda M. Bahler, Claimant.
BAHLER,
*Petitioner,*
*v.*
MAIL-WELL ENVELOPE CO.,
*Respondent.*
(WCB 79-06095, CA A22838)
652 P2d 875

Alan M. Scott, Portland, argued the cause for petitioner. With him on the brief were Gary M. Galton, and Galton, Popick & Scott, Portland.

David O. Horne, Beaverton, argued the cause and filed the brief for respondent.

Robert K. Udziela, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, filed a brief amicus curiae for Oregon Trial Lawyers Association.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

■ Claimant appeals a portion of an order on reconsideration of the Workers' Compensation Board that failed to award attorney fees after she had prevailed on the issue of compensation in a carrier-initiated appeal.[1] The issue is whether claimant is entitled to an award of a carrier-paid attorney fee when, after a carrier-initiated review, the Board finds that compensation should not be reduced but that penalties awarded by the referee should be reduced.

Claimant worked for Mail-Well for 13 years. In February, 1979, she left its employment. On May 2, 1979, she filed a claim for occupational disease. Employers Insurance of Wausau paid the first installment of interim compensation on June 4, 1979, retroactive to May 3. It continued to pay benefits until July 11, 1979, when it denied compensability. Claimant requested a hearing. The referee ordered the claim accepted, awarded an $800 attorney fee pursuant to ORS 656.382(1),[2] and, pursuant to ORS 656.262(9),[3] assessed a 25 percent penalty for late payment of interim time loss benefits and for late denial of the claim.

Wausau requested review of the referee's order. The Board affirmed the referee on the issue of compensation; however, it eliminated the penalty award, finding

---

[1] Amicus contends that the Board exceeded its authority in this case in extending statutory time limits for the payment of compensation or denial of a claim and that, even if the Board has authority to extend those time limits by rule, it acted unlawfully, because it did not promulgate rules pursuant to ORS 656.726 and ORS 183.335. Petitioner did not seek judicial review on the basis of those contentions, and we conclude that their resolution is not necessary to a decision here. We therefore decline to address them.

[2] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney's fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

[3] ORS 656.262(9) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

that Wausau's conduct was not so unreasonable as to warrant a penalty. The Board did not award claimant an attorney fee for prevailing on the issue of compensation. Claimant moved for reconsideration, specifically requesting an attorney fee for prevailing before the Board on the issue of compensation.

In its order on reconsideration, the Board held:

"Unable to conclude that there is any clear answer in the statutes or cases, we resolve the question presented on policy grounds. If attorney fees had to be awarded to claimant's attorney in all cases in which the employer/carrier sought Board review of a Referee's penalty award and in which the Board agreed with the employer/carrier and eliminated or reduced the penalty award, this would have a chilling effect on the employer/carrier being able to bring such an issue before the Board. We see no reason to guarantee that the claimant's attorney, as a respondent, will be always awarded an appellant-paid fee regardless of the outcome at the Board level on a penalty issue or any other issue. We conclude that, to qualify for a carrier-paid attorney fee under ORS 656.382(2), the claimant's attorney must successfully defend on Board review the entire Referee's order. Claimant's attorney did not do so in this case. Our contrary conclusion in *Russell Lewis,* 29 Van Natta 226 (1980), is overruled."

ORS 656.382(2) provides:

"If a request for hearing, request for review or court appeal is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

The term "compensation," as used in ORS 656.382(2), excludes penalties. *Reed v. Del Chemical,* 26 Or App 733, 554 P2d 586, *rev den* 276 Or 387 (1976), *cert den* 429 US 1110 (1977). ORS 656.382(2) is triggered when, as here, the compensability of a claim is at issue. Where compensation is at issue and the reviewing body determines that the compensation awarded should not be disallowed or reduced, a carrier-paid reasonable attorney fee must be awarded

regardless of any decision by the reviewing body on other issues raised on review. *Mobley v. SAIF,* 58 Or App 394, 648 P2d 1357 (1982).

Reversed and remanded to award reasonable attorney fees.