Argued and submitted December 14, 1984, affirmed as to compensability, reversed and remanded to determine attorney fees May 22, 1985

SHOULDERS,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(80-06247; CA A31403)

700 P2d 299

James L. Edmunson, Eugene, argued the cause for petitioner. On the brief were Christopher D. Moore, and Malagon & Associates, Eugene.

Jeffrey Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Claimant seeks review of an order of the Workers' Compensation Board, which held that his vertigo and tinnitis were not compensable and refused to award him attorney fees.

Claimant suffered a compensable injury to his knee in July, 1978, when he was struck by a tree limb. SAIF accepted the claim for the injury, and on July 22, 1980, a determination order was issued granting 15 percent permanent partial disability. Thereafter, claimant developed numerous conditions, including phlebitis, an ulnar nerve lesion, tinnitis, vertigo and thrombophlebitis. SAIF denied claims for each, and claimant requested a hearing. The referee found that the phlebitis, tinnitis, vertigo and thrombophlebitis were compensable and awarded attorney fees. SAIF appealed, and the Board affirmed the referee as to the phlebitis and thrombophlebitis but reversed as to the tinnitis and vertigo. The Board declined to award attorney fees for the Board appeal.

On *de novo* review, we affirm the Board as to the denial of vertigo and tinnitis and hold that the conditions were not causally related to the industrial injury. The only issue which merits discussion is the Board's refusal to award attorney fees.

Claimant argues that he is entitled to an award of attorney fees under ORS 656.382(2), which provides:

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant *should not be disallowed or reduced,* the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis supplied.)

That provision requires the insurer or employer to pay reasonable attorney fees if, on review by the Board, requested by it, the "compensation awarded" is not disallowed or reduced. We have held that a claimant must prevail on the compensation issue in order to be entitled to an award of attorney fees under ORS 656.382(2). *Korter v. EBI Companies, Inc.,* 46 Or App 43,

53, 610 P2d 312 (1980), *remanded on other grounds* 290 Or 301, *on remand* 51 Or App 206, 625 P2d 668 (1981).

Claimant argues that an award of attorney fees is proper under ORS 656.382(2), because he prevailed before the Board on two of the four compensation issues which were appealed to the Board by SAIF. We have held that an award of attorney fees was proper under that subsection when the Board affirmed the compensation awarded but found against the claimant on other issues not related to compensation. *Bahler v. Mail-Well Envelope Co.,* 60 Or App 90, 652 P2d 875 (1982) (Board reduced penalty only, but sustained referee's award of compensation); *Mobley v. SAIF,* 58 Or App 394, 648 P2d 1357 (1982) (Board reduced award of attorney fees, but did not reduce the compensation awarded).

Here, however, there had been no award of compensation at the time of employer's appeal to the Board. The referee had found four conditions compensable and had remanded those claims to SAIF for acceptance and further processing under ORS 656.268. A referee's finding of compensability is not the same as an award of compensation, or benefits, as the term is defined by ORS 656.005(9).

We hold that the provisions of ORS 656.382(2) require the payment of attorney fees by the employer or insurer only when compensation benefits have been awarded and have not been disallowed or reduced on the employer's or insurer's appeal.

The stated restriction is not applicable to ORS 656.386(1), which we hold authorizes an award of attorney fees in this case:

> "In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. *In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee.*" (Emphasis supplied.)

This subsection somewhat backhandedly deals with a prevailing claimant's right to attorney fees at each level of an appeal

involving a rejected claim. If the claimant prevails finally on a rejected claim before the referee or in a review by the Board, reasonable attorney fees are to be allowed. If the claimant prevails finally before this court or the Supreme Court on a rejected claim from an order or decision denying the claim, attorney fees are to be allowed. The actual "claims" in this case were a series of medical reports mailed to SAIF from March, 1979, to May, 1982, documenting the various conditions. In March, 1979, claimant's phlebitis was diagnosed. In May, 1980, a doctor identified vertigo and tinnitis. All three conditions were denied in a single letter dated July 2, 1980. The thrombophlebitis was diagnosed and reported to SAIF in early 1982 and denied on June 25, 1982. Claimant prevailed finally before the Board on the originally rejected phlebitis and thrombophlebitis claims. He is therefore entitled to reasonable attorney fees on those claims for successfully defending the referee's determination of compensability at the Board level.

Affirmed as to compensability; reversed and remanded for determination of attorney fees.