Argued and submitted December 3, 1985, Court of Appeals affirmed, reversed and remanded to board for determination of attorney fees March 25, 1986

In the Matter of the Compensation of
John A. Shoulders, Claimant.
SHOULDERS,
*Respondent on Review,*

*v.*

SAIF CORPORATION,
*Petitioner on Review.*

(WCB 80-06246; CA A31403; SC S31929)

716 P2d 751

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the on the petition were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem.

James L. Edmunson, Eugene, argued the cause for respondent on review. With him on the response were Christopher D. Moore and Malagon & Associates, Eugene.

CAMPBELL, J.

## CAMPBELL, J.

In this workers' compensation case the issue is whether claimant is entitled to an award of attorney fees.

Claimant suffered a compensable injury and was granted 25 percent permanent partial disability for loss of use of his leg. Claimant developed phlebitis, tinnitus, vertigo and thrombophlebitis. SAIF denied claims for each condition, and claimant requested a hearing. The referee found that the four conditions were compensable consequences of the injury and awarded attorney fees.[1] SAIF sought review by the Workers' Compensation Board (Board). The Board affirmed the referee as to the phlebitis and thrombophlebitis and reversed as to the tinnitus and vertigo. The Board failed to award attorney fees for the Board review. Claimant appealed to the Court of Appeals, arguing that he was entitled to attorney fees for the Board review under ORS 656.382(2).

The Court of Appeals held that claimant was entitled to attorney fees for successfully defending at the Board level the referee's determination of compensability on the phlebitis and thrombophlebitis claims. 73 Or App 811, 815, 700 P2d 299 (1985). In reaching this conclusion, the court held that ORS 656.382 was not applicable and relied instead on ORS 656.386(1).

SAIF petitioned this court for review, arguing that ORS 656.386(1) does not justify an award of attorney fees in this case. Claimant asserts that the Court of Appeals' interpretation of ORS 656.386(1) was correct, and that ORS 656.382(2) would also support the award of attorney fees. We conclude that the Court of Appeals misconstrued both statutes; claimant is entitled to attorney fees under ORS 656.382(2), not under ORS 656.386(1).

ORS 656.382(2)

ORS 656.382(2) provides:

---

[1] This was not a claim for aggravation. By Determination Order of July 22, 1980 and January 25, 1982, claimant was awarded 25 percent permanent partial disability for loss of use of his leg. In a subsequent order, the referee did not increase the award of permanent partial disability for the knee injury, but did remand the claims for tinnitus, vertigo and phlebitis to SAIF for acceptance and further processing in accordance with ORS 656.268.

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the *compensation awarded* to a claimant *should not be disallowed or reduced,* the employer or insurer shall be required to pay to the claimant or the attorney for the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal." (Emphasis added.)

The Court of Appeals found this statute inapplicable to this case because the Board hearing related to "compensability" rather than "compensation." The court held that "a referee's finding of compensability is not the same as an award of compensation, or benefits, as the term is defined by ORS 656.005(9)." 73 Or App at 811. This holding appears to depart from previous Court of Appeals' cases and may be incompatible with the language of the Workers' Compensation Act. *See Mt. Mazama Plywood v. Beattie,* 62 Or App 355, 661 P2d 109 (1983); *Bahler v. Mail-Well Envelope Co.,* 60 Or App 90, 652 P2d 875 (1982); and *Mobley v. SAIF,* 58 Or App 394, 648 P2d 1357 (1982).

■       ORS 656.382(2) provides for attorney fees when "the referee, board, or court finds that the compensation awarded to a claimant should not be disallowed or reduced." The term "compensation" is defined in ORS 656.005(9), and includes "all benefits, *including medical services,* provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer * * *." (Emphasis added.) ORS 656.245 provides that: "For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury * * *." Thus, when a claim is determined to be compensable, medical services must be provided and, under ORS 656.005(9), medical services are defined as compensation.[2]

---

[2] ORS 656.313(4), relating to stay of payment of compensation to a claimant when an employer or insurer requests review or court appeal, provides that "notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services." This statute, however, does not affect the general definition of compensation, which does include medical services.

Because compensation necessarily follows from a finding of compensability, ORS 656.382(2) is applicable to this case.

■■ At oral argument SAIF agreed with claimant that the Court of Appeals erred in holding that ORS 656.382(2) was not applicable to this case.[3] However, SAIF further asserted that even if ORS 656.382(2) were applied, claimant is not entitled to attorney fees in this case because his award of compensation was reduced. We do not agree.

The referee had found claimant's vertigo, tinnitus, thrombophlebitis and phlebitis compensable. Under ORS 656.245 claimant would automatically be entitled to medical services for these compensable conditions. The Board affirmed the referee as to the phlebitis and thrombophlebitis but reversed as to the tinnitus and vertigo. Thus, medical services would not be awarded for these latter two conditions and therefore the overall compensation was reduced. However, each condition must be considered separately. Because the phlebitis and thrombophlebitis conditions were held to be compensable, compensation was not reduced in relation to them. Therefore, claimant is entitled to reasonable attorney fees for successfully defending against reduction of compensation for those two conditions. Claimant, however, is not entitled to attorney fees for time spent defending against reduction of compensation for tinnitus and vertigo.

ORS 656.386(1)

■ ■ The Court of Appeals held that although ORS 656.382(2) was not applicable, ORS 656.386(1) authorized an award of attorney fees in this case. ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall

---

[3] However, in a footnote in its brief to this court, SAIF asserts that the Court of Appeals was correct in holding that ORS 656.382 did not apply because no compensation had been awarded. SAIF cites *Forney v. Western States Plywood,* 297 Or 628, 686 P2d 1027 (1984), and asserts that ORS 656.382(2) applies when the primary issue is one of extent of compensation, whereas ORS 656.386(1) applies when the primary issue is one of compensability. However, *Forney* merely noted that when the only issue is amount of compensation, attorney fees are ordinarily recoverable under ORS 656.382(2) and not under ORS 656.386(1). The statement in *Forney* does not imply the reverse, that when the only issue is compensability, attorney fees are recoverable under ORS 656.386(1) and not under ORS 656.382(2)

allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. * * *"

The first sentence of subsection (1) (the "judicial appeals clause") allows attorney fees in the appellate courts only if claimant prevails "from an order or decision denying the claim for compensation." As SAIF correctly contends, that clause creates three prerequisites for attorney fees:

1. Claimant must initiate the appeal, because neither an insurer nor an employer would appeal from an order or decision denying the claim for compensation;

2. The decision must be from an order or decision denying, rather than allowing, the claim for compensation; and

3. Claimant must finally prevail on the issue of compensation.

The second sentence of subsection (1) regulates attorney fees in administrative proceedings (the "administrative clause"). Although this sentence does not expressly repeat the requirements that a claimant appeal "from an order or decision denying the claim for compensation," SAIF contends that the three requirements applicable to judicial appeals apply with equal force to administrative appeals.[4] The

---

[4] SAIF argues that the Court of Appeals' interpretation of ORS 656.386(1) is inconsistent with three of this court's opinions: *Forney v. Western States Plywood, supra, Cavins v. SAIF,* 272 Or 162, 536 P2d 426 (1975); and *Peterson v. Compensation Department,* 257 Or 369, 477 P2d 216 (1970). However, two of the cases, *Cavins* and *Forney,* involved interpretation of the judicial appeals clause rather than the administrative clause. *Peterson,* which involved the administrative clause, did not address the issue of whether the claimant, rather than the insurer, must appeal to receive attorney fees under ORS 656.386(1). Thus, although we conclude that the Court of Appeals' interpretation of ORS 656.386(1) is incorrect in this case, it is not inconsistent with our previous opinions.

However, the Court of Appeals' interpretation appears contrary to at least one of its own opinions. In *Korter v. EBI Companies, Inc.,* 46 Or App 43, 53, 610 P2d 312 (1980), the court held that ORS 656.386(1) was not applicable because the claimant did not finally prevail before the Board since the Board found his claim to be noncompensable. The court added, "Moreover, the appeal to the Board *was not based upon a denial of the claim by the referee.*" 46 Or App at 53 (emphasis added). Thus, in a situation where, as here, the review by the Board was not sought from a denial of the claim by the referee, the court in *Korter* indicated that ORS 656.386(1) was inapplicable.

statute's language and historical development support this view.

The phrase "in such rejected cases," contained in the administrative clause, logically refers back to the immediately preceding sentence regarding judicial appeals and incorporates the judicial clause requirement that an attorney fee will be allowed only where the claimant prevails on his or her appeal of an order or decision denying a compensation claim. Under this construction, attorney fees are available on the same terms at each level of administrative or judicial proceeding where a claimant has been forced to appeal (rather than defend an appeal by the employer or insurer, as here) from any order or decision denying a claim for compensation. In each case, the claimant must initiate the appeal and prevail on the compensability issue.

Under this construction, the Court of Appeals' award of attorney fees under the administrative clause cannot stand. Although claimant partially prevailed before the Board, he did not meet the other two prerequisites because (1) review was sought by the insurer, rather than by the claimant, and (2) it was from an order awarding, rather than denying, compensation.

Claimant agrees with SAIF that ORS 656.386(1) should be read to provide one standard for attorney fees under both the judicial and administrative clauses in an appeal from a denied claim. However, according to the claimant, the legislature intended to allow attorney fees whenever the claimant prevailed, regardless of who appealed.[5]

---

[5] Claimant asserts that under ORS 656.301 claimants who successfully defended awards on appeal were allowed attorney fees. ORS 656.301 provided:

"In case of an appeal by the State Accident Insurance Fund or employer from an adverse decision of the circuit court, if the circuit court is affirmed, the claimant shall be allowed attorney fees to be fixed by the court and to be paid by the party initiating appeal, in addition to the compensation."

ORS 656.301 was repealed in 1977.

Claimant argues that the legislature repealed ORS 656.301 with the understanding that attorney fees for defense of appeals by the insurer or employer from an *adverse administrative decision,* which, according to claimant, had previously been provided by ORS 656.301, would be encompassed within ORS 656.386(1). However, ORS 656.301 provided for attorney fees for defense of appeals by the insurer or employer from an *adverse decision of the circuit court,* not from general adverse administrative decisions. Even if ORS 656.301 were intended to be encompassed by 656.386(1) (which

As we noted in a previous decision, "the second sentence of ORS 656.386(1), which is concerned with the duty of the referee or the Board to award an attorney fee, makes reference to 'such rejected cases' without a prior reference to 'rejected cases.' This language presents an ambiguity * * *." *Ohlig v. FMC Marine & Rail Equipment*, 291 Or 586, 598 n 5, 633 P2d 1279 (1981). The history of the statute assists in resolving this ambiguity.

The antecedent of ORS 656.386(1) was adopted in 1951[6] to allow

> "a reasonable attorney fee to be paid from the Industrial Accident Fund as an administrative expense to an injured workman who prevailed in an appeal to the circuit court from an order of the State Industrial Accident Commission rejecting his claim. The act provided for the payment of an attorney fee only in appeals from 'rejected claims' and expressly provided that '[i]n all other cases attorney fees shall continue to be paid from the claimant's award of compensation.'" *Peterson v. Compensation Department*, 257 Or 369, 372, 477 P2d 216 (1970).

The act did not include a provision for attorney fees at the administrative level until 1957 when the legislature added the second sentence of ORS 656.386(1). The statute, as amended, provided as follows:

> "656.588 [renumbered ORS 656.386] (1) In all cases involving accidental injuries occurring on or after July 1, 1957, where a claimant prevails in an appeal to the circuit court *from a commission order rejecting his original claim for compensation,* the court shall allow a reasonable attorney's fee to the claimant's attorney. *In such rejected cases* where the claimant prevails in his appeal before the commission itself, then the commission shall allow a reasonable attorney's fee; * * *." Or Laws 1957, ch 558, § 1 (emphasis added).

Under the statutory procedure then in effect, the phrase "in such rejected cases" was clear and unambiguous.

is not at all clear from the legislative history), it would necessarily have been incorporated into the judicial clause, not the administrative clause. However, the language of the judicial clause indicates that ORS 656.301 was not incorporated since a claimant can recover attorney fees under ORS 656.386(1) when appealing from a board order or judicial decision denying compensation, not when an insurer or employer appeals from an order or decision allowing compensation.

[6] Or Laws 1951, ch 330, § 2.

Claims were rejected (or allowed) solely by the State Industrial Accident Commission, not by an employer or insurer. If the Commission denied a claim, a claimant would first request a rehearing by the Commission and, if still dissatisfied, appeal to the circuit court. Attorney fees were allowed for claimants whose claims had been initially rejected by the Commission but who prevailed either on administrative rehearing or judicial appeal.

In 1965, a major revision of the Workmen's Compensation Act eliminated the State Industrial Accident Commission and created the Workmen's Compensation Board. Under the new scheme, the employer or insurer (not an administrative agency) initially rejects or accepts a claim. A claimant may then obtain a hearing before a hearings officer, followed by review by the Board and then appeal to the courts. In 1965, ORS 656.386(1) was amended as follows:

> "In all cases involving accidental injuries [occurring on or after July 1, 1957,] where a claimant prevails in an appeal to the circuit court from a [commission] *board* order [rejecting his original] *denying his* claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails *finally* in [his appeal before the commission] *a hearing before the hearing officer or in a review by the board* itself, then the [commission] *hearing officer or board* shall allow a reasonable attorney's fee * * *." Or Laws 1965, ch 285, § 42a (bracketed language deleted, italicized language added).[7]

These changes created the present ambiguity.

The phrase "from a commission order rejecting his original claim" in the first sentence was changed to "from a board order denying his claim." The second sentence, however, was not changed in a corresponding manner. The second sentence still referred to "in such rejected cases" even though the language referring to rejection was eliminated from the first sentence.

The phrase "such rejected cases" might refer to all claims originally rejected by the insurer or employer, or to

---

[7] In 1977, ORS 656.386(1) was amended to delete reference to the circuit court and to provide attorney fees where a claimant prevails in an appeal to the Court of Appeals. Or Laws 1977, ch 804, § 14. In 1983, the statute was again amended to provide for attorney fees where the claimant finally prevailed on a petition for review before the Supreme Court. Or Laws 1983, ch 568, § 2.

rejected claims where the claimant sought review. Apparently the Court of Appeals followed the former interpretation; the court held that attorney fees could be awarded under ORS 656.386(1) even though the insurer, rather than the claimant, initiated board review. Under the judicial clause, however, the language of the statute indicates that a claimant only receives attorney fees if he initiates the appeal.

Thus, under the Court of Appeals' construction, two different standards are created: Under the administrative clause a claimant can receive attorney fees if the insurer, employer or claimant seeks review, while under the judicial clause a claimant can receive attorney fees under ORS 656.386(1) only when he appeals.

Both SAIF and claimant agree that ORS 656.386(1) should be read to provide one standard for attorney fees under both the administrative and judicial clauses. We conclude that under both clauses a claimant must initiate the review or appeal from an order or decision denying the claim. Claimant may not receive attorney fees under ORS 656.386(1) where, as in this case, the insurer seeks board review of a hearing officer's order that the claim be accepted.

The Court of Appeals' interpretation of ORS 656.386(1) would render ORS 656.382(2) largely superfluous. ORS 656.382(2) provides for fees to claimant if the insurer or employer appeals and compensation is not reduced or disallowed. If compensation is not reduced or disallowed, then claimant would have prevailed and could also receive attorney fees under the Court of Appeals interpretation of ORS 656.386(1). The portion of ORS 656.382(2) allowing attorney fees when an insurer requests review by the Board would thus serve no purpose. As we have previously indicated, a legislative act is not to be deemed meaningless. *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 653-54, 549 P2d 510 (1976). If ORS 656.386(1) is interpreted as allowing attorney fees when an insurer requests review by the Board, then there would have been no reason for the legislature to enact that portion of ORS 656.382(2) which also allows for attorney fees when an insurer requests review by the Board.[8]

---

[8] As we noted in *Bracke v. Baza'r,* 294 Or 483, 487, 658 P2d 1158 (1983),

"During the testimony before legislative committees considering the 1965

We conclude that ORS 656.386(1) does not allow an award of attorney fees where the insurer, rather than the claimant, initiates review by the Board from an order accepting the claim. Therefore, claimant is not entitled to attorney fees under that statute. However, claimant is entitled to reasonable attorney fees under ORS 656.382(2) for successfully defending against reduction of compensation for two of his conditions.

The result of the Court of Appeals is affirmed. Reversed and remanded to the Workers' Compensation Board for determination of attorney fees.

---

revision, opponents of HB 1001 (the vehicle for revision) expressed fear that the adversarial position of the employer or SCD [State Compensation Department] * * * and the claimant * * * might result in the former pursuing appeals at each level for the purpose of wearing down or harassing claimants. The answer was to provide that where the employer or SCD initiated 'a request for hearing, request for review or court appeal' and the claimant successfully defended his award, the employer or SCD, as the case might be, would become liable for reasonable attorney fees in addition to the award of benefits. Or Laws 1965, ch 285, § 42(2). *That section became ORS 656.382(2)* * * *." (Emphasis added; footnote omitted.)