Argued and submitted February 19, affirmed August 13, reconsideration denied October 3, petition for review denied October 28, 1986 (302 Or 159)

In the Matter of the Compensation of
Laurence E. Saxton, Claimant.

SAXTON,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 83-10671; CA A36554)

723 P2d 355

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Associates, Eugene.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue in this workers' compensation case is whether claimant, who successfully defended a referee's award of penalties and attorney fees in an insurer's appeal to the Workers' Compensation Board, is entitled to attorney fees under ORS 656.382(2), even though the insurer was successful in persuading the Board to overturn the referee's award of additional temporary total disability and to reduce the award of permanent partial disability.

ORS 656.382(2) provides:

> "If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

The Board denied claimant's request for attorney fees, because he had "prevailed only on the penalty/attorney fee issue and lost on the 'compensation' issues." Claimant argues that attorney fees and penalties are "compensation" within the meaning of ORS 656.382(2) and that, because the Board did not reduce or disallow either of those awards, he is entitled to attorney fees for his defense of those awards.

In *Bahler v. Mail-Well Envelope Co.,* 60 Or App 90, 652 P2d 875 (1982), we held that, after the insurer's appeal to the Board, the claimant was entitled to attorney fees under ORS 656.382(2) when the Board found that the compensation that the referee awarded should not be reduced but that the penalties awarded should be. We stated: "The term 'compensation,' as used in ORS 656.382(2), excludes penalties." 60 Or App at 93. *Accord, Mt. Mazama Plywood Co. v. Beattie,* 62 Or App 355, 661 P2d 109 (1983). Similarly, in *Mobley v. SAIF,* 58 Or App 394, 648 P2d 1357 (1982), we held that the claimant was entitled to attorney fees under the statute when the Board affirmed the referee's decision that the claim was compensable but reduced the referee's award of attorney fees. We said that "[t]he reduction in the fee ordered by the Board had no

effect on the entitlement to an award of attorney fees under ORS 656.382(2)." 58 Or App at 397. In *Dotson v. Bohemia, Inc.,* 80 Or App 233, 720 P2d 1345 (1986), we expressly held that the term "compensation" in ORS 656.382(2) does not include attorney fees. Claimant is not entitled to attorney fees under that statute.

The Board in this case reduced the amount of benefits that the referee had awarded. It relied on our decision in *Barrett v. D & H Drywall,* 73 Or App 184, 698 P2d 498 (1985), in not considering claimant's preexisting condition in calculating the extent of permanent partial disability. Claimant did not assign error to the Board's reduction of the award. After the briefs in this case were filed, but before oral argument, the Supreme Court reversed our decision in *Barrett* and held that a worker's preexisting condition must be considered in determining the extent of PPD if it is made disabling by the compensable injury. *Barrett v. D & H Drywall,* 300 Or 325, 709 P2d 1083 (1985), *clarified* 300 Or 553, 715 P2d 90 (1986). At oral argument, claimant's attorney requested that we review the award in the light of the Supreme Court's opinion in *Barrett.* We decline to do so.

Affirmed.