Argued and submitted June 8, affirmed August 26, 1987

In the Matter of the Compensation of
Mikel T. MacDonald, Claimant.

MACDONALD,
*Petitioner,*

*v.*

SAFEWAY STORES, INCORPORATED,
*Respondent.*

(WCB 84-03634, 84-03635; CA A41681)

741 P2d 521

W. D. Bates, Jr., Eugene, argued the cause and filed the brief for petitioner.

Kenneth L. Kleinsmith, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Joseph, Chief Judge and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant seeks review of a Workers' Compensation Board order which reversed the referee's order setting aside employer's notice of claim closure and awarding penalties and attorney fees. He contends that the Board erred in concluding that the referee did not have jurisdiction to review the claim closure or, in the alternative, that he did not prove an aggravation. On *de novo* review, ORS 656.298, we affirm.

Claimant sustained a compensable low back injury on May 24, 1983, while working for employer as a grocery clerk. On June 3, Dr. Boyd, claimant's treating physician, released him for "limited duty" for a period of two weeks. He returned to Boyd's office on June 16 and was seen by Dr. Bross, who was filling in for Boyd. Bross reported that claimant was "gradually improving," prescribed physical therapy and encouraged him to cut down on his work schedule.

Claimant wanted to see a back specialist. The Lane County Medical Society referred him to Dr. Abel, who examined claimant on August 4. Abel did not refer claimant to a specialist, but instead referred him for physical therapy and released him for modified work limited to four days per week. Abel scheduled another appointment for August 18; however, claimant did not return.

Employer's insurer requested a closing examination. Claimant saw Boyd on September 1. Boyd recommended physical therapy and prescribed anti-inflamation medicine. He referred claimant to Dr. Tearse, a neurologist, who found that claimant's low back strain was "resolving satisfactorily." He scheduled him for physical therapy and for a follow-up examination with Boyd.

On October 8, Abel submitted a Form 828, indicating that claimant had not been in for a follow-up examination and that he had been medically stationary with no permanent impairment on August 4, the date of his last visit. On October 18, the insurer issued a Notice of Closure on the low back claim. On March 30, 1984, claimant requested a hearing on the closure.

In February, 1984, claimant sustained a new industrial injury to his right knee. On May 3, he saw Boyd, who noted that claimant's back condition would bother him as long

as his knee was bothering him. Boyd saw claimant on June 29 and noted that he had made little improvement and that he might have a herniated disc. He was allowed only limited duty work. On December 21, claimant saw Dr. Gorman, a chiropractor, who concluded that he was not medically stationary and that permanent impairment could not be determined. Gorman also treated him for cervical and thoracic conditions.

On April 18, 1985, the insurer denied the an aggravation claim; it also denied responsibility for the cervical and thoracic conditions. It refused to pay Gorman. Claimant requested a hearing on the denial. Gorman later reported that the cervical and thoracic conditions were a result of the low back condition and that there was no additional charge for treating those conditions in addition to the charge for the low back condition. The insurer again refused to pay Gorman.

After concluding that he had jurisdiction, the referee set aside the closure. He further found that employer was unreasonable in closing the claim and awarded penalties and attorney fees. Finally, he concluded that employer was unreasonable in refusing to pay Gorman and awarded additional penalties and attorney fees. On review, the Board concluded that the referee did not have jurisdiction over the closure issue and denied the alternative aggravation claim. It upheld the referee's decision with respect to the refusal to pay Gorman and upheld the penalty and attorney fee, but did not allow attorney fees for prevailing before the Board on that issue.

Claimant first contends that the Board erred in concluding that the referee did not have jurisdiction over the closure issue. He argues that the right to seek a determination order in these circumstances is in addition to the right to request a hearing at any time on any matter. ORS 656.283(1). He relies on *Logue v. SAIF,* 43 Or App 991, 607 P2d 750 (1979). Employer argues that the referee did not have jurisdiction, because ORS 656.268(3) requires a claimant to seek a determination order before seeking a hearing on a closure and that claimant's remedy was clearly spelled out to him in the Notice of Closure. It also argues that *Logue* does not change the result, because in that case a determination order had been issued, and the issue was whether reconsideration was required before requesting a hearing.

ORS 656.268(3) provides, in relevant part:

"When the medical reports indicate to the insurer or self-insured employer that the worker's condition has become medically stationary and the insurer or self-insured employer decides that the claim is disabling but without permanent disability, the claim may be closed, without the issuance of a determination order by the Evaluation Division. The insurer or self-insured employer shall issue a notice of closure of such a claim to the worker and to the Workers' Compensation Department. The notice must inform the worker of the decision that no permanent disability results from the injury; of the amount and duration of temporary total disability compensation; of the right of the worker to request a determination order from the Evaluation Division within one year of the date of the notice of claim closure; of the aggravation rights; and of such other information as the director may require. Within one year of the date of the notice of such a claim closure, a determination order subsequently shall be issued on the claim at the request of the claimant * * *."

ORS 656.283(1) provides:

"Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim."

ORS 656.319(4) provides:

"With respect to objections to a determination under ORS 656.268(3), a hearing on such objections shall not be granted unless a request for hearing is filed within one year after the copies of the determination were mailed to the parties."

Before the 1979 statutory amendments, the Evaluation Division determined all claim closures involving any type of disability. Insurers could close only time-loss only claims. In 1979, the legislature modified the procedure to allow insurers and self-insured employers to close all temporary disability claims. *See* Minutes, Senate Committee on Labor, Consumer and Business Affairs, April 3, 1979, 4-6, 15. That procedure allows insurers and self-insured employers to close a claim without a prior determination order. If a claimant believes that the claim should not have been closed or that the claimant is entitled to permanent disability, he then *must* seek a determination order from the Evaluation Division. *See* Minutes, Senate Committee on Labor, Consumer and Business Affairs, April 3, 1979, 3-4; *see also* Exhibit A to Senate Bill 48, House Labor Committee, May 24, 1979, 4. The statute gives

the claimant the right to a review by the Evaluations Division and only then, if still dissatisfied, to a hearing. A determination order is not in addition to a hearing, but one is required before the employe seeks a hearing.

■    Claimant's reliance on *Logue v. SAIF, supra,* is misplaced. In that case, the Division had issued a determination order. We held that a claimant need not seek reconsideration of a determination order before seeking a hearing. In this case, no determination order has been issued. In fact, *Logue* supports a conclusion opposite to that which claimant advocates:

> "The Evaluation Division is distinct from the Hearings Division. The Evaluation Division has the responsibility for initially evaluating claims and issuing determination orders. ORS 656.708(2). The Hearings Division has the responsibility for conducting hearings and deciding all cases. ORS 656.708(3)." 43 Or App at 998.

Because the divisions are distinct and serve different purposes, it does not make sense that a claimant may go to either one for an initial determination of whether the insurer's or self-insured employer's closure was proper.

ORS 656.268(3) requires that a Notice of Closure notify a claimant of the right to request a determination order from the Evaluation Division but says nothing about notice of a right to a hearing. If the legislature had intended a claimant to have that option, the notice would presumably be required to say so.[1] The Board correctly determined that the referee lacked jurisdiction over the closure.[2]

■    Claimant contends that the Board erred in concluding that he did not prove an aggravation. He argues that he proved a worsening of his low back condition after the closure.

---

[1] ORS 656.268(3) has been amended by the 1987 legislature. Effective January 1, 1988, an insurer or self-insured employer may close any claim in which the worker has returned to work, whether it involves permanent or temporary disability, and a notice must inform the claimant *both* of the right to seek a redetermination by the Evaluation Division *and* of the right to request a hearing within 180 days of the Notice of Closure. House Bill 2900, § 10.

[2] Claimant also contends that the Board erred in finding that the Notice of Closure was proper and in reversing the referee's award of penalties and attorney fees for improper closure. Because we conclude that neither the referee nor the Board, had jurisdiction over the closure issue, we need not address those issues.

Boyd's June 29, 1984, report shows that he was treating claimant for "intermittent trouble" and that his low back strain had been improving for about a year and was "slowly resolving." That report does not indicate that claimant's condition had worsened or that there was any increased disability. The medical records indicate that claimant returned to Boyd only after his later knee injury and that the recurrent back symptoms could be expected as long as he was having knee problems. He was not working and was receiving temporary disability benefits for the knee condition. We agree with the Board that claimant has not proven an aggravation.

■ Claimant contends that the Board erred in failing to award attorney fees for prevailing on employer's appeal of the penalty and attorney fees that the referee awarded for employer's unreasonable failure to pay Gorman. He argues that, because the Board agreed that the failure was unreasonable and agreed that a penalty and attorney fees were appropriate, he also was entitled to attorney fees on Board review. We have previously held that penalties and attorney fees are not compensation within the meaning of ORS 656.382, the statute allowing recovery of attorney fees for, *inter alia,* prevailing on Board review. *Saxton v. SAIF,* 80 Or App 631, 723 P2d 355, *rev den* 302 Or 159 (1986); *Bahler v. Mail-Well Envelope Co.,* 60 Or App 90, 652 P2d 875 (1982); *Mobley v. SAIF,* 58 Or App 394, 648 P2d 1357 (1982). We find no error.

Affirmed.