Argued and submitted December 19, 1996, affirmed March 19, 1997

In the Matter of the Compensation of
Rodney V. Boqua, Claimant.

ROSEBURG FOREST PRODUCTS,
*Petitioner,*

*v.*

Rodney V. BOQUA,
*Respondent.*

(95-04209; CA A92333)

935 P2d 478

Michael G. Bostwick argued the cause for petitioner. On the brief were Richard D. Barber, Jr., and Bostwick, Sheridan and Bronstein.

J. Michael Casey argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

HASELTON, J.

Employer petitions this court for reversal of an order of the Workers' Compensation Board that, *inter alia*, granted claimant attorney fees for "prevailing" at the hearing before the administrative law judge (ALJ) as to one of the multiple disability awards granted claimant, even though the ALJ reduced claimant's overall compensation. We affirm.

Employer raises two assignments of error. We reject, without further discussion, the first assignment, which challenges the Board's refusal to set aside the notice of closure.

Employer's second assignment of error challenges the Board's award of attorney fees pursuant to ORS 656.382(2). The facts material to that assignment are as follows: Claimant filed claims for carpal tunnel syndrome in both wrists and for pain in his right shoulder, all of which employer accepted and eventually closed, awarding four percent scheduled permanent partial disability (PPD) for claimant's right wrist and four percent scheduled PPD for his left wrist. Claimant sought reconsideration of that determination from the Department of Consumer & Business Services, which increased the awards for claimant's left wrist and for the right wrist. Claimant also received unscheduled PPD for the injury to his right shoulder.

Employer sought a hearing, and the ALJ reduced the award for the right shoulder condition and also reduced the award for the left wrist condition. However, the ALJ did not reduce the award for the right wrist condition.

Claimant moved for reconsideration, arguing that the ALJ incorrectly reduced the award for his left wrist condition. Claimant also argued that he was entitled to an assessed attorney fee pursuant to ORS 656.382(2), because, although the awards for his right shoulder and left wrist had been reduced—thus reducing the total amount of compensation—the award for the right wrist had not been reduced. Thus, claimant reasoned, he was entitled to recover reasonable fees incurred in litigating the degree of disability of the right wrist. The ALJ issued an order on reconsideration denying claimant's requests. With respect to attorney fees, the ALJ concluded:

"Inasmuch as claimant's 'compensation' was reduced, I conclude that he is not entitled to an assessed fee. * * * I decline claimant's invitation to parcel out scheduled body parts for the purposes of granting an assessed fee under OAR 438-15-065."

On review, the Workers' Compensation Board affirmed the ALJ's order with regard to the disability awards, but it reversed the ALJ's ruling regarding claimant's request for attorney fees:

"When conditions are considered separately for purposes of rating permanent disability, the carrier appeals the compensation awarded for every condition, and the compensation for at least one condition is not reduced, we award an assessed attorney fee for the claimant's counsel's efforts with regard to that condition. We take this approach even though compensation for the other conditions is reduced, because claimant must defend each condition's award separately.

"In this case, claimant's compensable left wrist, right wrist, and right shoulder conditions are considered separately for purposes of rating permanent disability. The employer sought reduction in claimant's awards for all three conditions at hearing. The ALJ reduced the awards for the left wrist and right shoulder, but did not disturb the award for the right wrist. Under these circumstances, claimant is entitled to an assessed attorney fee under ORS 656.382(2) for successfully defending against the employer's challenge to the right wrist award." (Citations omitted.)

The Board then determined that claimant's reasonable attorney fees for "services at hearing regarding [his] scheduled disability award for his right wrist is $500."[1]

Employer's challenge to the attorney fee award turns on the meaning and application of ORS 656.382(2). That statute provides:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds

---

[1] The Board assessed fees by reference to the criteria set out in OAR 438-015-0010(4).

that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

Employer argues that "compensation" in ORS 656.382(2) means *overall* compensation for an injury, and that, because claimant's total compensation was reduced in this case, he was not entitled to attorney fees. Claimant counters that (as the Board held), although his overall compensation was reduced by the ALJ's order, he was entitled to fees reasonably incurred in litigating the award for the right wrist condition because he succeeded in defending employer's challenge to that award. Claimant is correct. *Shoulders v. SAIF*, 300 Or 606, 716 P2d 751 (1986).

In *Shoulders*, the court addressed a similar issue. There, the claimant suffered a compensable injury to his leg and developed four different conditions in conjunction with that injury—phlebitis, tinnitus, vertigo, and thrombophlebitis. SAIF denied the claims for each condition, and the claimant requested a hearing as to those denials. The referee determined that all four conditions were compensable, and SAIF sought review of that order before the Board. The Board affirmed the referee's determination as to the phlebitis and thrombophlebitis but reversed as to the tinnitus and vertigo. The Board did not award the claimant any attorney fees.

On appeal, the claimant argued that, under the then-applicable version of ORS 656.382(2),[2] he was entitled to attorney fees. The court agreed. It first explained that, although the issue before the Board was the *compensability*

---

[2] ORS 656.382(2), at that time, provided:

"If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or insurer shall be required to pay to the claimant or the attorney for the claimant a reasonable attorney fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

of the four conditions, because a compensability determination would result in compensation,[3] ORS 656.382(2) applied. *Shoulders*, 300 Or at 609-10. The court then concluded that, although the Board's determination had the effect of reducing the claimant's "overall compensation," "each condition must be considered separately." *Id.* at 610. Thus:

> "Because the phlebitis and thrombophlebitis conditions were held to be compensable, compensation was not reduced in relation to them. Therefore, claimant is entitled to reasonable attorney fees for successfully defending against reduction of compensation for those two conditions. Claimant, however, is not entitled to attorney fees for time spent defending against reduction of compensation for tinnitus and vertigo." *Id.*

Under *Shoulders,* when an employer requests review of a compensation award regarding multiple conditions, and the reviewing body affirms the compensability of some, but not all, conditions, yielding a reduction in the claimant's overall compensation, the claimant is entitled to attorney fees for services incurred with respect to those conditions for which compensation was not reduced.

*Shoulders* controls this case.[4] Here, as in *Shoulders,* claimant had multiple conditions that, based on the issues that employer raised at the hearing, were considered separately.[5] Claimant defeated employer's attempt at the hearing to reduce the compensation of one of those conditions. Consequently, claimant was entitled to fees reasonably incurred in that effort.[6]

Affirmed.

---

[3] ORS 656.005(9) defined "compensation" as including "medical services." The court noted that the Board's finding of compensability would also involve an award of medical services and, therefore, an award of compensation.

[4] As noted, *see* note 2 above, current ORS 656.382(2) has not been materially altered since *Shoulders*.

[5] Employer contends that *Shoulders* is inapposite because that case involved separately denied conditions and this case did not. We find that distinction unremarkable. Regardless of how employer first treated the claimed conditions, when it sought review of the disability awards before the ALJ, it treated—and challenged—each condition separately.

[6] Employer does not argue that the award of $500 in attorney fees exceeded the amount of time claimant's attorney spent on the issue regarding the right wrist condition.