Argued July 28, reversed August 23, 1976

MARTIN, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 75-1487, CA 6138)
553 P2d 377

*Evohl F. Malagon,* Eugene, argued the cause for appellant. With him on the brief were Malagon, Starr & Vinson, Eugene.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Al J. Laue, Assistant Attorney General, Salem.

[ 571 ]

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

LANGTRY, J.

## LANGTRY, J.

Claimant appeals from judgment of the circuit court which reversed findings in his favor by a referee and the Workmen's Compensation Board. His claim is for a back injury which was accepted as a covered injury by State Accident Insurance Fund and was based on an incident on September 21, 1971 while he was on the job as a welder.

Over the ensuing years claimant has given different doctors sharply varying versions of how the injury occurred. His descriptions of his condition are incredible: His back "swells" up, his pelvis is "out of joint," although he is able to walk about, and it has to be put in place, his bones "pop out," etc. His one recent consistency is that he hurts so bad he cannot work. This is put in question by the fact that he did successfully go back to work as a welder for several months in the summer of 1973, voluntarily quitting that job to commence operating a commercial fishing boat. The incredibility of his statements to doctors and his testimony led to the circuit court's reversal of the referee and the Workmen's Compensation Board determinations. However, the referee, in his written opinion, said:

"* * * * *

"It is the opinion of this Referee that claimant has proved, by a preponderance of the evidence, that there has been an aggravation of disability since March of 1973 and the claim should be reopened for further medical care, treatment and other benefits.

"It is difficult to tell from the medical evidence what part of claimant's symptomatology is on a true organic basis and what part is purely functional. I would suspect, from reviewing the reports of Drs. Holland [psychiatrist] and Donahoo [orthopedist], that the functional aspect is the most prominent. The psychiatrist, in early 1973, found nothing to substantiate an organic defect and he therefore diagnised [sic] a psycho-physiologic neuro-muscular reaction. The doctor related the injury and this psychological problem. Dr. Donahoo also notes a significant functional component to claimant's problem. This latter doctor discounts the necessity of any orthopedic

treatment. He recommends treatment for this functional problem by a psychiatrist. Additionally, he recommends, at least for diagnostic purposes, that claimant be seen by an internist.

"Regardless of the real cause of claimant's problem, it appears that the doctors now feel that further treatment is necessary. Dr. Luce feels the claim should be reopened at least for evaluation purposes and treatment if necessary (Claimant's Exhibit C). As noted above, Dr. Donahoo has recommended referral to an internist and also to a psychiatrist.

"* * * * *

"Dr. Donahoo does recommend referral to an internist for evaluation. I am of the opinion that this diagnostic evaluation is the responsibility of the Fund. Should it eventually be determined that no relationship exists between the medical problem and the injury then, of course, there would be no continuing responsibility. However, based upon Dr. Donahoo's recommendation, I feel that the diagnostic tests are the Fund's obligation.

"* * * * *."

The Workmen's Compensation Board, in affirming the referee, said:

"* * * * *

"Although Dr. Donahoo referred to a high white blood count upon which he had previously commented and which was also noted in Dr. Luce's report, no one ever made an analysis; the Fund completely ignored this aspect of the case.

"The Referee found that claimant had proved by preponderance of the evidence that he had suffered an aggravation of disability since March, 1973, the date of the last award or arrangement of compensation. The bases for this conclusion are succinctly set forth in his opinion * * *.

"* * * * *."

These observations of those who administer the Compensation Act (under which an employer takes the employe as he finds him, including his psychiatric problems, *Patitucci v. Boise Cascade Corp.,* 8 Or App 503, 495 P2d 36 (1972); *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970),

Sup Ct *review denied* (1971)) indicate that the Fund, which had accepted the claim including its psychiatric aspects, the last time by way of a stipulation in March 1973, had not completed evaluation of the application to reopen the claim. This it should have done, under the facts of this case, regardless of whether the referee was correct in saying that "diagnostic evaluation is the responsibility of the Fund * * *" (above). *See* ORS 656.273(5) and (6) and 656.262. Thus, although we agree with the circuit court's strong doubts as to claimant's credibility, we are compelled to reinstate the referee's order.

Reversed.