Argued and submitted June 10, reversed August 25, 1980

In the Matter of the Compensation of
MATTHEWS,
*Respondent,*
*v.*
LOUISIANA PACIFIC,
*Petitioner.*

(No. 78-4716, CA 16633)

615 P2d 1151

Walter D. Nunley, Medford, argued the cause and filed the brief for petitioner.

Brian L. Pocock, Eugene, argued the cause for respondent. With him on the brief was Velure, Heysell & Pocock, Eugene.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

In this workers' compensation case employer appeals an order requiring it to pay certain of claimant's medical bills and assessing a twenty-five percent penalty for unreasonable refusal to pay the medical expenses. We reverse.

Claimant sustained a compensable injury to his back while working for employer in June, 1977. He received chiropractic treatment but lost no time from work. In September, 1977, claimant left work complaining of back pain. He consulted a series of doctors and was ultimately operated upon for a cervical laminectomy in February, 1978. He returned to work in April, 1978, but left work in June of that year and has not worked since that date. He was placed in a hospital in June, 1978, and was released within eleven days.

In July, 1978, claimant's attorney referred him to a different doctor who referred claimant to another physician in the same office who in turn referred claimant to a psychiatrist. Employer refused to pay the medical expenses incurred by claimant during and after July, 1978.

Claimant requested a hearing, contending that employer is liable for the medical expenses and requested penalties and attorney fees pursuant to ORS 656.262(8) and ORS 656.382. The referee and the Worker's Compensation Board concluded that employer had the burden of proving that the claimed medical expenses were not related to claimant's injury and held that the employer had not met that burden.

Claimant appealed employer's denial of benefits and has the burden of proving his entitlement to the benefits claimed. There is no basis in the record to conclude that the medical expenses incurred during and after July, 1978, were related to claimant's compensable injury. Claimant has not met his burden of

proof. The order requiring employer to pay the benefits and assessing penalties and attorney's fees is reversed.

Reversed.