Argued and submitted April 20, reversed and remanded September 26, 1984, reconsideration allowed, former opinion withdrawn, affirmed April 10, 1985
See 73 Or App 184, 698 P2d 498 (1985)

In the Matter of the Compensation of
David F. Barrett, Claimant.
**BARRETT,**
*Petitioner,*

*v.*

**D & H DRYWALL et al,**
*Respondents.*

(WCB No. 81-02757; CA A29349)

688 P2d 130

Merrill Schneider, Sandy, argued the cause and filed the brief for petitioner.

Scott H. Terrall, Portland, argued the cause for respondents. With him on the brief was Meyers & Terrall, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant petitions for review the order of the Workers' Compensation Board, claiming that the Board erred in failing to consider his preexisting arthritis in determining the extent of his permanent disability. We reverse.[1]

Claimant is a 42-year-old man and has worked for 19 years as a sheetrock taper. In 1960, while he was in the service, he injured his low back in a jeep accident and has had occasional difficulties with his back since then. However, he was asymptomatic for some time before the accident in this case.

On June 5, 1980, he fell four feet from a ladder onto a concrete floor, landing on his feet and hitting his back on a brick wall. He suffered pain and sought immediate medical attention. The claim was accepted, and benefits were paid for a substantial period of time. A determination order was issued on March 4, 1981, which awarded temporary total disability and 25 percent unscheduled permanent disability. Claimant requested a hearing. On September 14, 1981, he filed an amended request for hearing alleging that his underlying arthritic condition arose out of and in the scope of his employment. On February 23, 1982, the employer denied liability for the underlying arthritic condition but continued to accept responsibility for the June 5 accident. The referee upheld the denial and, after eliminating any disability caused by the arthritis, awarded claimant an additional 10 percent unscheduled disability. The Board affirmed.

We need not decide the procedural validity of the partial denial because, even if it was improper, it was harmless, because it was unnecessary. The so-called denial was issued 17 days before an already scheduled hearing on the extent of disability. Even without the denial, the issue of worsening of the underlying condition could have been raised at the hearing on the issue of extent of disability.

It is undisputed that claimant has an underlying degenerative intervertebral disc disease. Further, we agree with the referee's conclusion that claimant failed to establish

---

[1] Claimant also appeals on the issue of the extent of disability. Given our remand, we need not consider this issue.

a worsening of his underlying disease attributable to the accident. However, that does not resolve the issue. It is well established that an employer takes the worker as he finds him. *Martin v. SAIF,* 26 Or App 571, 553 P2d 377 (1976). This does not mean that an employer must pay compensation for preexisting conditions that are not worsened by the compensable injury. However, it does mean that a claimant is entitled to full compensation if a preexisting condition contributes to the permanent loss of earning capacity in combination with a compensable injury, ORS 656.214(5), even if the loss of earning capacity would have been minimal but for the preexisting injury.

■     In this case, the referee specifically excluded consideration of the preexisting osteoarthritis in determining claimant's loss of earning capacity. We cannot determine whether the referee would have reached the same conclusion on the extent of disability if the osteoarthritis had been considered as an element of claimant's total loss of earning capacity. We prefer to have the referee make that determination in the first instance.

Reversed and remanded for redetermination of extent of disability.