On respondents' reconsideration filed November 20, 1984, reconsideration allowed and former opinion (70 Or App 123, 688 P2d 130 (1984)) withdrawn; affirmed April 10, reconsideration denied June 7, petition for review allowed July 2, 1985 (299 Or 443) See 300 Or 325 (1985)

In the Matter of the Compensation of
David F. Barrett, Claimant.

BARRETT,
*Petitioner,*

*v.*

D & H DRYWALL et al,
*Respondents.*

(81-02757; CA A29349)

698 P2d 498

Scott H. Terrall, Portland, for petition.

Merrill Schneider, Sandy, Contra.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Employer and EBI Companies filed a petition for review in the Supreme Court, ORAP 10.05, which we treat as a petition for reconsideration. ORAP 10.10. In our former opinion, 70 Or App 123, 688 P2d 130 (1984), we reversed the Workers' Compensation Board and held that a claimant's preexisting medical condition is an element to be considered in determining the extent of unscheduled permanent partial disability, even though the claimant is unable to establish that the underlying condition was worsened or otherwise affected by the compensable industrial injury. We now withdraw our former opinion and affirm.

■ An award of permanent partial disability is to be rated on the basis of "the permanent loss of earning capacity due to the compensable injury." ORS 656.214(5).[1] In determining loss of earning capacity attributable to an industrial injury, impairments not related to the injury are not considered. This is in contrast with a determination of permanent total disability, which requires the consideration of preexisting disability. ORS 656.206(1)(a).[2]

■ The facts as found by the referee, the Board and this court are that claimant's preexisting degenerative low back condition was not worsened by the compensable industrial injury. In our former opinion, we erroneously held that the

---

[1] ORS 656.214(5) provides:

"In all cases of injury resulting in permanent partial disability, other than those described in subsections (2) to (4) of this section, the criteria for rating of disability shall be the permanent loss of earning capacity due to the compensable injury. Earning capacity is the ability to obtain and hold gainful employment in the broad field of general occupations, taking into consideration such factors as age, education, training, skills and work experience. The number of degrees of disability shall be a maximum of 320 degrees determined by the extent of the disability compared to the worker before such injury and without such disability. For the purpose of this subsection, the value of each degree of disability is $100."

[2] ORS 656.206(1)(a) provides:

"As used in this section:

"(a) 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."

referee and the Board should have considered the preexisting back condition as an element of claimant's loss of earning capacity. On reconsideration, we conclude that the Board properly refused to consider the preexisting condition.

On *de novo* review, we also consider claimant's second assignment of error that he is permanently and totally disabled and affirm the Board.

Petition for reconsideration allowed; former opinion withdrawn; affirmed.