On petitioners' reconsideration of decision of Supreme Court* filed November 26, 1985 reconsideration allowed, former decision (300 Or 325, 709 P2d 1083) adhered to March 4, 1986

In the Matter of the Compensation of
David F. Barrett, Claimant.

BARRETT,
*Respondent on reconsideration,*

*v.*

D & H DRYWALL et al,
*Petitioners on reconsideration.*

(WCB 81-02757; CA A29349; SC S31782)

715 P2d 90

Scott H. Terrall, of Meyers & Terrall, Portland, for petitioners on reconsideration.

No appearance contra for respondent on reconsideration.

H. Scott Plouse, of Cowling & Heysell, Medford, and Jerald P. Keene, of Roberts, Reinisch & Klor, Portland, filed a brief

* On review from the Court of Appeals, 70 Or App 123, 688 P2d 130 (1984), 73 Or App 184, 609 P2d 498 (1985), on judicial review from an order of the Workers' Compensation Board.

*amicus curiae* on behalf of Association of Workers' Compensation Defense Attorneys.

JONES, J.

## JONES, J.

In *Barrett v. D & H Drywall,* 300 Or 325, 709 P2d 1083 (1985), we reversed a decision (on reconsideration) by the Court of Appeals, 73 Or App 184, 698 P2d 498 (1985). The employer and its insurer have filed a particularly vigorous and vehement petition for reconsideration. We allowed the Association of Workers' Compensation Defense Attorneys to file an *amicus curiae* brief in support of the petition for reconsideration, and that brief "strongly" urges us to disavow our decision and change our minds as did the Court of Appeals.

The petition for reconsideration and the Defense Attorneys' brief have convinced us not that our decision was wrong, but that it is misunderstood by petitioner and by *amicus.* We propose, therefore, only to restate the substance of our decision.

ORS 656.214(5) provides that the criterion for a rating of disability for permanent partial disability "shall be the permanent loss of earning capacity *due to* the compensable injury." (Emphasis added.) This worker had a preexisting disease, osteoarthritis, in the area of his body that was injured in the accident with which we are here concerned. We have recognized that the Court of Appeals found as a fact that the disease was not worsened by the injury, 300 Or at 329 n 3, and we accepted that finding. Our decision does not require any award of compensation for that disease or for any disability that may have existed by reason thereof before the present compensable injury.

Apparently, a disease may produce symptoms although it has not worsened. *See Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979).[1] If, therefore, the accident described in *Barrett v. D & H Drywall,* 300 Or at 327 and 330, caused that disease to produce symptoms where none existed immediately prior to the accident, and those symptoms produced loss of earning capacity, then that loss of earning

---

[1] This court said in *Weller v. Union Carbide,* 288 Or 27, 30 n 2, 602 P2d 259 (1979):

"We do not profess to understand how there can be a worsening of pain not produced by a concomitant worsening of the underlying pathological condition of the bodily tissue. * * *"

capacity is "due to" the compensable injury, and the statute requires an award of compensation therefor.