Argued and submitted December 8, 1986, reversed and remanded in A36318 and A36331, affirmed in A36292 February 25, reconsideration denied May 15, petition for review denied June 16, 1987 (303 Or 534)

In the Matter of the Compensation of
Edward O. Miller, Claimant.

MILLER,
*Petitioner,*

*v.*

COAST PACKING COMPANY,
*Respondent.*

(WCB No. 79-03231; CA A36292 (Control))

In the Matter of the Compensation of
Edward O. Miller, Claimant.

BRANDER MEAT COMPANY et al,
*Petitioners,*

*v.*

MILLER et al,
*Respondents.*

(WCB No. 83-02511; CA A36331, A36318)
(Cases Consolidated)

733 P2d 97

Ronald W. Atwood, Portland, argued the cause for petitioners Brander Meat Company and Glen Falls Insurance Co. With him on the briefs were Patric J. Doherty and Rankin, McMurry, VavRosky & Doherty, Portland.

William Hensley, Portland, argued the cause for respondent and petitioner Edward O. Miller. With him on the brief was Francesconi & Cash, P.C., Portland.

Jerald P. Keene, Portland, argued the cause for respondents Coast Packing Company and Eldorado Insurance Co. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In these consolidated cases, Brander Meat Company (Brander), claimant's employer at the time of a 1970 head injury, seeks review of an order in which the Workers' Compensation Board, on its own motion, held that it was responsible for claimant's current condition, which includes complex partial seizure disorder, psychosis and arm, neck and shoulder syndrome. Claimant also petitions for review, asserting that, in the event that we grant the relief sought by Brander, we should find that Coast Packing Company (Coast) is responsible for the complex partial seizure disorder and the arm, neck and shoulder syndrome. We have considered and rejected Brander's various procedural arguments. We write only to address the questions of compensability and responsibility raised by Brander's fourth and fifth assignments of error and claimant's petition.

Claimant worked for Brander as a butcher. On March 11, 1970, he was struck in the head by a beef shackle weighing approximately 25 pounds and suffered a laceration and concussion. His claim was accepted and closed in April, 1970, with no award of permanent partial disability.

In 1974, while working for Brander's successor, Coast, claimant lacerated his right hand with a rumping knife. Coast accepted the claim, and after surgery and medical treatment it was closed with a determination order, issued July 24, 1974, and an award of 10 percent permanent partial disability. The award was increased in 1975 by another determination order and was reopened by stipulation for further surgery, treatment and time loss. Doctors reported in January and February, 1976, that the hand injury was medically stationary, and claimant entered a vocational program.

In 1976, claimant began consulting with psychologists and psychiatrists in connection with the vocational program. Drs. Sloat and Duncan each diagnosed paranoid psychosis, for which Duncan prescribed Mellaril, a phenothiazine preparation.

In May, 1977, Coast and claimant entered a disputed claim settlement with regard to the 1974 hand injury, which purported to absolve Coast of any responsibility for claimant's

emotional, psychological and psychiatric problems. He continued to seek medical treatment, this time for what he complained of as upper arm, shoulder and neck pain. In April, 1978, he began seeing Dr. Olmsheid, a neurologist, for symptoms of headaches, dizzy spells, intermittent shakiness, lightheadedness, nausea, sweatiness and blurring of vision. Ultimately, the condition was diagnosed as complex partial seizure disorder.

Claimant sought compensation for complex partial seizure disorder (CPSD), paranoid psychosis and arm, neck and shoulder syndrome (ANS). Both Brander and Coast denied the compensability of each condition.[1] Despite the procedural maze, the present posture of this case may be summarized by stating that, eventually, all three claims were consolidated by the Board for consideration on its own motion.

The Board concluded that the symptoms and the treatment of the psychosis could not be separated from the symptoms and the treatment of CPSD. It also found that all three conditions are related to the 1970 head injury and held Brander responsible. We agree with the Board that the CPSD is related to the 1970 injury, but we disagree with the Board's opinion with respect to the psychosis and ANS.

The complexity of claimant's conditions and their apparent interrelatedness makes it tempting to do as the Board here did: assign full responsibility for all conditions to Brander, because objective medical evidence shows that the 1970 head injury contributed to claimant's dominant condition, the CPSD. We conclude, after reviewing the record, that the Board's bunching of responsibility is too simple a resolution and is not justified by the medical evidence.

The overwhelming medical evidence is that CPSD was brought on by the 1970 blow to the head. Olmsheid explained in his deposition that a head injury can cause the formation of scar tissue which can interfere with the transmission of electrical signals in the brain. The result is a seizure disorder, in this case described as CPSD.

---

[1] Claimant never actually sought compensation for ANS from Brander. Brander was joined on the Board's own motion in the proceeding to determine the compensability of the condition.

■ It is undisputed that the administration of phenothiazine for claimant's psychosis temporarily lowered his seizure threshold. Brander asserts, therefore, that treatment of the psychosis accelerated CPSD and that, under the last injurious exposure rule, responsibility for the CPSD shifted to Coast, claimant's employer at the time of the hand injury. Brander's argument assumes that claimant's psychosis is related to the hand injury. The reports consistently state that claimant had symptoms of CPSD immediately after the head injury, long before his hand injury. What doctors perceived to be symptoms of the paranoid psychosis might actually have been symptoms of CPSD, and the treatment claimant received for the psychosis only made the symptoms of CPSD more noticeable to the point that the condition could be diagnosed. The treatment for the psychosis did not cause or worsen CPSD. It merely made the symptoms more perceptible. We conclude that a preponderance of the evidence indicates that CPSD was neither caused nor worsened by the treatment which claimant received for the psychosis. Brander remains responsible for the condition and its medical treatment.

All the doctors agree that claimant's predisposition to paranoid psychosis preexisted the 1974 injury at Coast, and we are also persuaded that it preexisted the 1970 injury at Brander. The question relating to compensability is whether either injury caused the condition to become more symptomatic to the point of causing disability or a need for medical treatment. *See Barrett v. D & H Drywall,* 300 Or 325, 709 P2d 1083 (1985), *on reconsideration* 300 Or 553, 715 P2d 90 (1986). Although the medical reports are not entirely consistent, the common thread is that claimant's psychosis became more symptomatic after the hand injury, when he experienced frustration in not being able to return to work. There is no medical evidence linking the psychosis to the head injury.

■ Contrary to the Board's finding, we find, on the basis particularly of the testimony of Olmsheid, that the symptoms of the psychosis and CPSD are sufficiently distinguishable that they can be analyzed and treated separately. If either employer would have been responsible for claimant's psychosis, it is Coast and not Brander. The record shows that the disputed claim settlement between claimant and Coast expressly absolved Coast of responsibility for the psychosis.

Claimant is bound by that settlement.

■      The medical evidence indicates that there is no organic explanation for ANS. Both the referee and the Board found insufficient evidence to link the condition directly to either employment and, indeed, according to Dr. Nathan, there is a question whether claimant suffers from any condition fairly described as arm, neck and shoulder syndrome, objectively or subjectively. There is no medical evidence linking the alleged condition to the 1970 injury at Brander, to the 1974 injury at Coast, to CPSD or, even, to the paranoid psychosis. The Board found, however, that there were reasons "other than organicity" to explain the alleged condition and held Brander responsible, without explanation. The pertinent medical evidence is insufficient to show that ANS is related to either the 1970 or 1974 injury. Claimant therefore has not sustained his burden of proof with respect to ANS, and the claim is not compensable.

In summary, claimant's condition known as CPSD is the responsibility of Brander, as are the medical expenses for its treatment. The paranoid psychosis is not the responsibility of Brander, because the medical evidence does not indicate a relationship between the condition and claimant's 1970 injury. Neither is it the responsibility of Coast, because of the disputed claim settlement. The purported ANS condition is not compensable.

Reversed and remanded in A36318 and A36331 for an award of compensation consistent with this opinion; affirmed in A36292.