Argued and submitted April 3, affirmed July 29, 1987

In the Matter of the Compensation of
David F. Barrett, Claimant.

BARRETT,
*Petitioner,*

*v.*

D & H DRYWALL et al,
*Respondents.*

(WCB No. 81-02757; CA A41385)

740 P2d 203

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Moore, Eugene.

Kenneth L. Kleinsmith, Portland, argued the cause for respondents. With him on the brief was Meyers & Terrall, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board on remand from the Supreme Court. This is round two concerning the extent of claimant's permanent disability from a compensable back injury. At the end of the first round, the Supreme Court remanded the case to the Board to determine whether claimant's injury had caused his preexisting noncompensable osteoarthritis to become symptomatic and instructed the Board to consider any permanently disabling symptoms due to the injury's effect on the disease in awarding permanent partial disability. *Barrett v. D & H Drywall,* 300 Or 325, 709 P2d 1083, *on reconsideration* 300 Or 553, 715 P2d 90 (1985). Coupled with that requirement is our determination, not changed by the Supreme Court, that claimant's injury did not cause the underlying degenerative condition to become worse and, therefore, compensable in itself as an occupational disease. *Barrett v. D & H Drywall,* 70 Or App 123, 688 P2d 130 (1984).

Claimant asserts that the Board applied an incorrect test of causation and that the case should again be remanded to the Board for reconsideration. We agree that the Board, in its original order on remand, used some language which suggested that it might have applied an improper test; however, we are satisfied, on *de novo* review, that the Board reached the correct result.

Claimant experienced a compensable back injury in 1980, superimposed on osteoarthritis. We declined to consider the symptoms of claimant's osteoarthritis in determining the extent of permanent partial disability due to the industrial injury. 70 Or App 123, 688 P2d 130 (1984), *on reconsideration* 73 Or App 184, 698 P2d 498 (1985). The Supreme Court reversed and on its reconsideration stated:

"If, therefore, the accident described * * * caused that disease to produce symptoms where none existed immediately prior to the accident, and those symptoms produced a loss of earning capacity, then that loss of earning capacity is 'due to' the compensable injury and the statute [ORS 656.214(5)] requires an award of compensation therefor." 300 Or at 555.

In its first opinion on remand, the Board explained what it understood to be the Supreme Court's instruction:

> "We read this statement as consistent with prior law that disabling pain caused by an industrial injury is a part of the calculus in rating extent of permanent disability. [Citation omitted.]
>
> "The issue in this case revolved around the source, not the existence, of the disabling pain, and further involved the question whether claimant had an occupational disease, which the court concluded he did not. We review the court's mandate as directing us to determine whether claimant had disabling pain which is 'due to' the industrial injury and is permanent * * *."

We agree with the Board's understanding of the court's opinion up to that point. The Board then went on to state that, before the symptoms of a preexisting condition can be considered in determining extent of disability, it must be shown that "[the symptoms] would not exist *but for* the industrial injury." (Emphasis supplied.) Claimant asserts that the Board's statement indicates that it followed a "but for" test of causation which caused it erroneously to overlook certain symptoms of osteoarthritis which were brought on by the injury but which would have appeared eventually without the injury. We agree that a "but for" test is not appropriate and that it is not the test suggested by the Supreme Court. However, the remainder of the Board's original order on remand and its order on reconsideration satisfy us that, despite the unfortunate reference to a "but for" test, the Board analyzed the case in accordance with the Supreme Court's instructions. Additionally, on *de novo* review, we find, considering all of claimant's symptoms, that he has been adequately compensated for his disability.

■ There is considerable evidence that claimant suffers from pain attributable to osteoarthritis. As the Board noted in its first opinion and in its opinion on reconsideration, the medical evidence does not show whether or how much of that pain was brought on by the injury and how much is attributable solely to the natural progression of the disease. Claimant bears the burden of proving by a preponderance of the evidence that the osteoarthritic symptoms which he is experiencing were brought on by the compensable injury. His testimony concerning the onset of the symptoms is not convincing proof, in a case of this complexity, of a relationship. *See Jacobson v. SAIF*, 36 Or App 789, 585 P2d 1146 (1978). We agree with the Board that the evidence justifies an award no greater than 35 percent.

■ We also conclude that the Board could properly consider the case on remand from the Supreme Court on the record created before the referee and did not have to remand the case to the referee for consideration in the first instance.

Affirmed.