Argued and submitted September 4, reversed and remanded for payment of medical expenses November 25, 1987

In the Matter of the Compensation of
Carol Denny, Claimant.

DENNY,
*Petitioner,*

*v.*

HALLMARK FISHERIES et al,
*Respondents.*

(WCB 85-15708; CA A42685)

745 P2d 803

Benton Flaxel, North Bend, argued the cause and filed the brief for petitioner.

Paul L. Roess, Coos Bay, argued the cause for respondents. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's determination that her left knee condition and surgery is not compensable.

Claimant had an on-the-job injury to her left knee in November, 1982. She had arthroscopic surgery in 1982 and again in 1984. In February, 1985, the parties stipulated to an award of 35 percent permanent partial disability. Claimant has had continuous left knee pain since the injury. In September, 1984, she moved temporarily to Minnesota to work as a drug and alcohol counselor trainee. She worked there for two and one-half months, but returned to Oregon, because the work involved regular stair climbing, which she found difficult. In September, 1985, she saw Dr. Bert, who had performed her second knee surgery. He diagnosed her condition as "recurrent chondromalacia" and recommended a repeat arthroscopy. Employer denied benefits for the surgery and for an aggravation claim.

The referee found, and the Board agreed, that there had been no worsening of claimant's knee condition, or, in the alternative, if the knee had worsened, that the work in Minnesota had contributed independently, thereby shifting liability to the Minnesota employer. *Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). The referee reasoned that, although the evidence indicates that the compensable injury is a material contributing cause of the present need for surgery, *see Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981), because claimant did not file a claim in Minnesota, under the rule stated in *Miville v. SAIF,* 76 Or App 603, 710 P2d 159 (1985), employer is relieved of liability.

Bert is the only doctor to provide an in-depth medical opinion, and that opinion is hardly straightforward. He testified that claimant's compensable condition is a "material contributing cause" of her present condition and also that the stair climbing in Minnesota "contributed independently" to the need for surgery. An examination of his reports and testimony reveals some vagueness as to the second statement, however. In a November, 1985, report to the insurer, Bert stated that he did not believe that there had been an increase in permanent disability. However, he responded "yes" to a question by claimant's lawyer in a letter of December, 1985,

whether claimant's left knee had worsened since February, 1985. He later admitted that he was not able to know whether it had worsened since February, 1985, because, before the September, 1985, exam, he had last seen claimant in August, 1984. In a deposition taken in March, 1986, he testified that claimant's condition of September, 1985, was about the same as it had been in August, 1984.

He described the process which leads to repeat knee surgery as chronic and stated that surgery is only a temporary remedy. He testified that stair climbing provides a "micro trauma" which contributes to the degenerative process, but he also indicated that the activities of everyday life cause micro traumas to a sensitive knee. He testified that he was now recommending that claimant have surgery, because "[s]he's having enough discomfort now that she's agreeable to having something done."

■ The parties agree that claimant has not experienced a worsening of her "underlying condition," whatever the significance of that phrase in this context. *See Hensel Phelps Const. v. Mirich,* 81 Or App 290, 724 P2d 919 (1986). The first question, however, is whether claimant's employment in Minnesota contributed to the knee condition in such a way as to shift responsibility, under Oregon law, to the Minnesota employer. The "last injury rule" in successive injury cases places full liability upon the carrier covering the risk at the time of the most recent injury *that bears a causal relation to the disability. Smith v. Ed's Pancake House, supra.*

■ Although Bert's testimony indicates that claimant's condition has changed, there is no evidence that she is more disabled now than she was at the time of the last award. At the time when claimant left for Minnesota, she had not been released for work, partly because of the pain in her left knee. She testified that, even at that time, any significant activity using her leg would bother her knee. We find that the Minnesota employment did not contribute independently to her disability.

■■ Because she is no more disabled now than she was at the time of the last award, claimant has not established an aggravation claim. *See International Paper Co. v. Turner,* 84 Or App 248, 733 P2d 918, *rev allowed* 303 Or 483 (1987). The evidence does show, however, that the requested surgery is

related to the 1982 injury. It is therefore compensable under ORS 656.245.

Reversed and remanded for payment of medical benefits.