Argued and submitted June 8, 1987, remanded for payment of medical benefits; otherwise affirmed February 10, 1988

In the Matter of the Compensation of
Ronald G. Hansen, Claimant.

HANSEN,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB 83-03734, 84-09893; CA A41772)

749 P2d 1183

Michael R. Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Stebbins & Coffey, North Bend.

Paul L. Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

In this workers' compensation case, claimant seeks review of a Board order which held his pain center treatment and alcohol rehabilitation non-compensable, denied any increase in his awards for scheduled right knee disability or unscheduled low back disability and held that his claim was not prematurely closed. We affirm in part and reverse in part.

Claimant injured his knee on June 9, 1981. His claim was closed on December 13, 1982, and he was awarded 25 percent scheduled permanent partial disability benefits. He returned to work for the same employer in a different capacity. He injured his back on May 4, 1983. As a result of that injury, he spent approximately a month at the Callahan Center in residential treatment, but he made no progress. He then enrolled in Western Pain Center from May 7 to 22, 1984, for treatment of "psychogenic pain syndrome." At the time of his discharge, a staff doctor indicated that further treatment at the pain center would be appropriate. Employer refused to authorize a second stay at the center until claimant had been seen again by his treating physician. On August 17, 1984, that doctor reported him to be medically stationary, but made no comment about a referral to the pain center. The claim was closed in September, 1984, with a 10 percent award for unscheduled low back disability.

Claimant enrolled for a second stay at the pain center without employer approval on November 26, 1984. Two weeks into his stay, it was discovered that he is an alcoholic. Pain center personnel stated that the first treatment had been unsuccessful because of the alcoholism and that he had to deal with that problem first. Accordingly, claimant took part in a Veterans' Administration alcohol rehabilitation program from December, 1984, to February, 1985. In early February, employer denied responsibility for the alcohol rehabilitation program as well as the second pain center stay. By the end of February, claimant, after retraining and vocational rehabilitation, had found a Forest Service position which entailed desk work and standing and dealing with customers.

The referee increased claimant's scheduled permanent partial disability for his right leg to 35 percent, upheld the denial of compensation for the pain center treatment and the alcohol rehabilitation program and increased the award

for the back disability to 20 percent. The Board upheld the referee's decision, but made an additional award of unscheduled disability of 10 percent for claimant's arthritic right hip.

■■■ This case involves an industrial injury and a preexisting condition, alcoholism, which arguably became symptomatic only after claimant's compensable injuries. Because we are not concerned with the compensability of the alcoholism as an occupational disease, the rule in *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), does not apply, and claimant need not show a worsening of an underlying condition. Treatment for the alcoholism would be compensable if the injury caused it to become symptomatic, *Barrett v. D & H Drywall,* 300 Or 553, 555, 715 P2d 90 (1987); *see also Grace v. SAIF,* 76 Or App 511, 516, 709 P2d 1146 (1985), or caused a preexisting psychological condition to become symptomatic in the form of alcoholism. *Globe Machine v. Yock,* 79 Or App 9, 15, 717 P2d 1235 (1986). Claimant argues that the Board erred in ruling that the alcohol treatment was not a compensable consequence of his on-the-job injuries. He argues that the pain of his injuries caused him to drink heavily and that, as a result, he became an alcoholic who required treatment. He must prove by a preponderance of the evidence that his on-the-job injury caused the alcoholism. *See Grace v. SAIF, supra,* 76 Or App at 517; *Matthews v. Louisiana Pacific,* 47 Or App 1083, 1085, 615 P2d 1151 (1980).

Claimant depends on opinions by pain center staff and Dr. Emori, a rheumatologist, to prove that the pain of his injuries caused him to become an alcoholic. He relies on the assessment by the pain center's counselor to prove that he had used alcohol to cope with the pain of his injuries and that alcohol treatment was necessary for him to become functional again. As the referee said, the counselor was not competent to render an opinion on the cause of alcoholism. His only function was to determine whether claimant had an alcohol problem, not the cause of the problem. Claimant also relies on the counselor to prove that he had no alcohol problem before his injury. The referee found that, although the counselor used a lengthy questionnaire, he did not ask questions relative to causation of the alcoholism and based his conclusion on incomplete information. We agree.

Claimant also argues that the reports of the pain center's administrator and the staff physician, and the testimony of the administrator, prove that his alcoholism is directly related to the pain from his injuries. At the hearing, the referee, on the basis of the administrator's demeanor, determined that her credibility and reliability were diminished.[1] That finding affects the weight which we give to her testimony and the medical report submitted by the pain center. We, too, are unpersuaded by that evidence.

Claimant initially described his alcohol use as rare or occasional. He did not advise any physician or counselor about it until he entered the alcohol rehabilitation program in December, 1984. However, the record shows earlier evidence of alcoholism. During his stay at the Veterans' Administration facility, claimant admitted that he had had a drinking problem for at least three and one-half years, if not longer, and that he had once been active in Alcoholics Anonymous. He had also participated in a diversion program after being charged with driving under the influence. In light of all the evidence, we find that claimant's alcoholism was preexisting. It was not caused or made symptomatic by his injuries. His claim for compensation for the alcohol rehabilitation program is denied.

Claimant also argues that his claim was prematurely closed, because he was not medically stationary in August, 1984. The claim was prematurely closed only if the alcohol rehabilitation program is compensable, which it is not. Consequently, his claim was not prematurely closed.

Claimant next asserts that the Board erred in failing to find the second stay at the pain center compensable. All expenses of reasonable and necessary treatment are to be paid by the employer for such a period of time as the compensable injury, illness or process of recovery requires, even after a determination of permanent partial disability, and for as long as the life of the claimant. ORS 656.245; *see Denney v. Hallmark Fisheries,* 88 Or App 409, 412, 745 P2d 803 (1987); *Van Blokland v. OHSU,* 87 Or App 694, 698, 743 P2d 1136 (1987).

---

[1] The referee concluded that the pain center staff had an adversarial attitude toward employer and that the reliability of the reports on claimant's second stay at the pain center were compromised by the center's attempt to justify both that stay and its failure to identify claimant's alcoholism sooner.

Medical treatment is compensable if the injury continues to be a material contributing cause of the need for treatment. *Jordan v. SAIF*, 86 Or App 29, 32, 738 P2d 588 (1987). In response to an inquiry by claimant's attorney, the treating physician, Bert, indicated that the follow-up visit at the pain center was reasonable and necessary and that it was related to claimant's injuries. We accept that conclusion and, therefore, find that the second pain center stay is compensable.

We find no reason to increase claimant's benefits for either his right knee or his back.

Remanded for payment of medical benefits for the period November 26 to December 13, 1984, at the Western Pain Center; otherwise affirmed.